SOLOMON COHEN vs. WILLIAM H. PEMBERTON.

The defendant ordered of the plaintiff a quantity of hats and caps of specified sizes, the price being regulated by their price per dozen and each class being ordered as so many parts of a dozen. The goods were sent with a bill which corresponded with the order. The defendant kept them a month before opening the boxes, when he discovered that some of the caps were not of the size required by the order and indicated by the labels on them. Held that he might, within a reasonable time, return such of them as did not answer the order.

And that he was not bound to return the entire quantity of any particular class of the caps, the designation of them in the order as parts of dozens being for convenience and not intended to make the contract as to each class an entirety.

Cohen v. Pemberton.

What is a reasonable time for the return of the goods in such a case is a question of fact, depending on the circumstances.

The bill sent by the plaintiff with the goods had the following printed heading :—"All claims must be made within three days after receipt of the goods." Held, as the case stood, to be no part of the defendant's contract.

Where the questions of fact are fairly submitted to the jury in regard to a matter wholly within their province, the court is not bound to comment on the bearing and weight of the evidence.

[Argued June 9th—decided September 5th, 1885.]

ACTION to recover for a quantity of hats, caps and gloves sold; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas, and tried to the jury on a general denial, before *Studley, J.*

On the trial it was admitted by both plaintiff and defendant, that the goods specified in the bill of particulars were ordered by the defendant of the plaintiff in September, 1883, to be sent as freight; the order describing the goods in each case as parts of a dozen, the following extract from it showing its general manner:

"$\frac{1}{2}$ doz. rat high college, $6\frac{7}{8}$, 7, $7\frac{1}{8}$, $7\frac{1}{4}$----------------$18.50

$\frac{1}{2}$ " " high jockey, sizes as above--------------18.50

$\frac{1}{2}$ " " boys' Alexis, $6\frac{3}{4}$, $6\frac{7}{8}$, 7, $7\frac{1}{8}$----------------17.50 "

The goods mentioned in the bill of particulars were sent as freight and delivered at the defendant's store October 16th, 1883, packed in one case. A bill of the same was at the same time sent by mail and duly received by the defendant, a part of the printed heading of which was—"All claims must be made within three days after receipt of the goods." The case of goods remained in the defendant's store unopened till November 15th, 1883, when he opened it to sell one of the caps to a customer. The order specified the sizes of a portion of the caps and in the items mentioned the figures at the right of the specifications of styles represent the sizes ordered and the figures over the sizes represent the number of that size ordered, and the figures at the extreme right represent the price in dollars per dozen. The caps corresponded in all respects except size to the order.

Cohen *v.* Pemberton.

The defendant offered evidence to prove, and claimed to have proved, that the caps sent him under this order were labeled with the sizes that he ordered, but were in fact not all of them the sizes that he ordered.

The defendant offered evidence to prove, and claimed that he had proved, that he returned those, the actual sizes of which did not correspond to his order, and that he had paid the plaintiff for those that he retained; and that he owed the plaintiff nothing except $4.75 for a pair of gloves, for which amount he made an offer of judgment.

The defendant admitted that he received the goods in a box and did not unpack them until November 15th, 1883, when he attempted to sell one of the caps in question; and he offered evidence to show, and claimed to have proved, that at this time he discovered that one of the caps was not properly marked, and that thereupon he measured the caps and returned at once those which did not correspond to the order.

The plaintiff claimed, and it appeared in evidence, that the defendant did not return all of any one of the several kinds or styles ordered at a certain price per dozen by each of the partial orders, but in every case he returned less than all the caps within each of such orders for so many dozen or fractional parts of a dozen. The defendant claimed that in each case the caps returned did not correspond to the sizes ordered.

The defendant further admitted that he had no way of telling which of the caps in the several partial orders were incorrectly sized, or which of them were returned by him, but only their number, nor what the variation from the actual size was. It was further admitted by both parties that the plaintiff refused to receive the goods returned, duly notifying the defendant thereof; also that the defendant paid to the plaintiff a sum equal in value to the goods retained.

The plaintiff offered evidence to prove, and claimed to have proved, that the caps were sent according to the order given, and that the defendant kept them an unreasonable time before examination, and thus waived any right of rescission

that he might have had; and further claimed that by the acceptance of parts of each of the partial orders he became bound to accept all of each of the orders, and that by attempting to sell the goods before examination he waived the right of rescission.

The defendant offered evidence to prove, and claimed to have proved, that it was a very rare occurrence that caps and hats were labeled with marks representing wrong sizes, and that a man of ordinary diligence in the hat trade would not examine hats or caps to see that the marks showing their sizes corresponded to the actual sizes and would not discover the fact until the sale of them or something special called his attention to it; and he claimed to the jury that in the exercise of ordinary diligence he would not have discovered the fact that the caps were marked with the wrong sizes, even if he had opened the box and examined them at once on receiving them.

The defendant requested the court to charge the jury in writing as follows: .

" The whole question of acceptance is one of ordinary diligence. The defendant was not bound to use extraordinary diligence in examining the goods to see whether they conformed to his order or not. Ordinary diligence is that diligence which men usually exercise in their business; and in this case it is the province of the jury to determine what ordinary diligence required. If ordinary diligence did not require the defendant to measure the hats, they being sent marked with certain sizes, then there was no acceptance by him because he did not measure them. And if, on opening the box containing the caps, he would not then discover by ordinary diligence that they were improperly sized, the fact that he did not open the box sooner than he did did not amount to an acceptance. The defendant was not bound to discover those defects which escape ordinary diligence. If the plaintiff sent the defendant a less quantity of the goods he ordered than he did order, the defendant had the right to accept them or not at his option. And if with a less quantity of goods than the defendant

ordered of the kind he did order, the plaintiff sent him certain other goods of a kind he did not order, the defendant had the right to retain those of the kind he did order and return those which were not of that kind."

The court did not so charge the jury, but charged them as follows:

"In this case the plaintiff claims to recover the sum mentioned in the bill of particulars as the balance due him from the defendant on the bill of goods mentioned in the bill of particulars. He claims that the goods were ordered by the defendant and that they were delivered to and accepted by the defendant on the 16th of October, 1883. The defendant admits that he gave an order, that on the 16th of October he received the quantity of goods ordered, that he kept the goods in his possession from the 16th day of October until the 15th day of November next following, without unpacking them or in any manner examining to ascertain whether they corresponded with the order he had given or not; that on the 15th day of November he opened the package for the purpose of making a sale; and he claims that when he opened the goods he found that they did not correspond in size to the marks on the goods and that some of them were not of the sizes ordered and did not correspond with the order he had given, and that thereupon he measured the goods and returned to the plaintiff such as did not correspond with the sizes called for in the order.

"It is not claimed that the goods received by the defendant were different from the goods ordered by him except as aforesaid, but the defendant claims that they were not of the sizes ordered, were of no use to him, that he had a right to return them, and that he ought not to be obliged to pay for them.

"The plaintiff claims that the whole order is made up of entire orders or contracts, that the defendant waited an unreasonable time before examining the goods, and that under the circumstances the defendant had no right to return them, and that he (the plaintiff) is entitled to recover; all of which the defendant denies.

Cohen v. Pemberton.

"You will observe that the larger order is made up of items or orders for a dozen or a fraction of a dozen of goods, and the court charges you, as a matter of law, that each of these items or orders for a dozen, or a fraction thereof, is a separate or entire contract; that the defendant could not retain a part of the goods received in response to any one of these orders and return the remainder without rendering himself liable for the whole of that particular order; and that with reference to any one of the orders, if the goods or any article sent in response thereto, did not correspond to the order, the defendant had the right to elect either to accept or reject all of the articles or goods sent in response to that particular order, provided he made his election within a reasonable time.

"Whether the goods returned by the defendant constituted all of the goods covered by any one or more of these entire contracts, is a question of fact for the jury to determine from the evidence.

"If you find that any or all of the goods delivered in response to any one of these separate orders did not correspond to that order, and that the defendant returned or offered to return all of the goods covered by that particular order within a reasonable time, then with reference to that order you will find for the defendant; but if you find that they were not all returned, or that they were all returned but not within a reasonable time, then you will find for the plaintiff on that particular order, and you are to decide upon each of these separate orders by itself.

"What is a reasonable time is a question for the jury and to be determined in view of all the evidence and circumstances attending each case; what would be reasonable time under one set of circumstances might not be in another. You will take into consideration the order given, when given, the time when the goods were received, the nature of the goods, the season for selling them, the acts of the parties, and all the circumstances, and view the matter in a common sense and reasonable light."

The jury returned a verdict for the plaintiff, and the de-

fendant appealed to this court, assigning as error the charge of the court and the refusal to charge as requested.

*E. P. Arvine*, for the appellant.

1. There was no ground for charging, as matter of law, that each item of a dozen or half dozen hats constituted a separate order. An inspection of the order shows that it is much more probable that the purchaser could take as many or as few as he pleased of each kind of hats at the list price, and there was no evidence to the contrary. There is a definite price for each hat. *Young & Conant Manuf. Co.* v. *Wakefield*, 121 Mass., 92. Take the first item in question, "$\frac{1}{2}$ doz. rat high college," it is made up of one No. $6\frac{7}{8}$, two No. 7, two No. $7\frac{1}{8}$, and one No. $7\frac{1}{4}$ hats, and each of these is quite as fully a separate order. At the most, the question whether they were entire orders should have been left to the jury.

2. The plaintiff has endeavored to treat this as an attempt to rescind on account of a breach of warranty; but it is a very different matter. According to the defendant's claim, the plaintiff sent him *different articles* from what he ordered, not the same articles of a different quality. A No. 6 hat and a No. $7\frac{1}{4}$ hat are no more the same article than are a peck and half-bushel measure. To send too many hats of the same size, or hats of the wrong size, is a failure to fill the order as much as to send twelve hammers upon an order for six hatchets and six hammers. The text books and cases everywhere recognize the difference between a breach of warranty, upon which in some states the contract may be rescinded, and in others damages may be recovered only, and a failure to fill the order, in which case the contract is entirely void. Benjamin on Sales, § 426, note *m*, and cases cited; Story on Sales, § 148 and notes; *Gardner* v. *Lane*, 12 Allen, 44.

3. Even if these items of dozens or parts of dozens did constitute entire contracts, the court was certainly wrong in charging that all must be retained or paid for. It is elementary law that where part of the articles ordered are sent,

the sender may retain or return them at his option. The plaintiff having sent the defendant a part of the articles ordered, together with some not ordered, he had a clear right to return the residue. Benjamin on Sales, § 689, and note ; *Smith* v. *Lewis*, 40 Ind., 100 ; *Gardner* v. *Lane*, 12 Allen, 44 ; *Levy* v. *Green*, 8 El. & Blackb., 575.

4. The goods were not irrevocably accepted until the mistake was discovered and a reasonable time had elapsed for returning them. The plaintiff represented that he had sent the articles ordered. He made this representation both by sending them in response to the order, and by marks upon them. The defendant was not bound to investigate as to whether he had told him the truth. He had a right to rely on his statement. Suppose in response to an order for six dozen hammers, a box is sent marked hammers, but really containing hatchets, and the purchaser lays it away until needed ; has he acknowledged that they are hammers, and bound himself to retain the goods ? If goods are not such as were contracted for, his duty is to return them *immediately upon discovering their insufficiency*, or to give notice thereof to the vendor. Story on Sales, § 405, and cases cited. If the sender has sold part *before discovering the deficiency*, he may still rescind the sale and will be liable for the market value of what he does not return. *Shields* v. *Pettie*, 4 Comst., 122. In the kindred case of rescission for breach of warranty, allowed in some states, the reasonable time is to be computed *of course from the time the unsoundness is discovered*, and not from the date of the contract. Story on Sales, § 406, and cases cited. In determining this question, the fact that the plaintiff had incorrectly marked them so as to apparently conform to the order was the vital one. These marks were on the hats as well as on the boxes. If he had opened the boxes the marks on the hats would still have deceived him. The bearing of this fact on the question of diligence or reasonable time was included in the defendant's requests. The entire omission to refer to it was an omission of the most important point for the jury, and of itself constitutes ground for a new trial.

*E. B. Gager*, for the appellee.

1. Each of the items or orders for a dozen or a fraction of a dozen of goods was a separate or entire contract. An entire contract is one in which goods are sold as one lot, in a single sale and for one consideration, even though the price is to be ascertained by the number of pounds or articles in the lot. "If the contract is entire, if it is one bargain, then it matters not whether there are one or many articles, and though each may have an appropriate price." *Clark* v. *Baker*, 5 Met., 459. "The entirety of the contract is not destroyed by the circumstance that the subject of sale is of such uniform character as to be readily divisible proportionally, by weight or measure, or is contained in packages of uniform quantity and value, even with the added circumstance that the consideration is named only by way of fixing the rate or price of the unit of such division." *Mansfield* v. *Trigg*, 113 Mass., 350. See also 2 Parsons on Cont., 519; Benjamin on Sales, § 426; *Leonard* v. *Dyer*, 26 Conn., 177; *Miner* v. *Bradley*, 22 Pick., 457; *Morse* v. *Brackett*, 98 Mass., 205; *Young & Conant Manuf. Co.* v. *Wakefield*, 121 id., 92; *Smith* v. *Lewis*, 40 Ind., 98. In this case the goods were bought by the dozen; each order is given for the same quality, kind and style of caps; and there is no separate price for each, but one consideration—so much per dozen. Whether a contract is entire is a question of law for the court, and the charge was proper.

2. The defendant could not retain a part of the goods received in response to any one of the orders and return the remainder without rendering himself liable for the whole of that particular order. See cases already cited. Also 2 Parson on Cont., 679; 3 id., 208; 5 Wait's Actions & Defences, 509; Benjamin on Sales, § 426.

3. It necessarily follows, from these two propositions, that if any portion of any of these separate and entire lots did not correspond to the order, and the defendant wished to rescind, all the goods specified in that order must be returned in a reasonable time, and conversely, if the defendant retained any of the goods mentioned in any of the entire or-

ders, he is liable for all the goods in that order, and that he cannot keep part and return part. The defendant admits that he did not return all of any of the entire lots, but in each case kept some and returned some. This being true, he is liable for the balance claimed.

4. The defendant assigns as error that the court did not charge the jury, as requested, that if ordinary diligence did not require the defendant to measure the caps under the circumstances, then there was no acceptance by the defendant because he did not measure them; and that if on opening the box the defendant would not discover by ordinary diligence that the caps were improperly marked, the fact of not opening the box sooner than he did did not amount to an acceptance. Taken in connection with the facts admitted on the record, there is nothing which justifies such a charge. Nowhere does it appear to be claimed or charged or implied that the defendant accepted the goods because of not measuring them alone. If ordinary diligence did not require measurement, then measuring or not measuring does not at all enter into the question of acceptance by unreasonable delay in examination. In such a case acceptance or non-acceptance would be determined independently of measurement, and the question of measurement has no bearing on the case. But the law is well settled that mere delay in examination beyond a reasonable time after an opportunity to examine, in itself will amount to an acceptance. *Kellogg* v. *Denslow*, 14 Conn., 420; *Treadwell* v. *Reynolds*, 39 id., 31; *Boughton* v. *Standish*, 48 Verm., 598. Acceptance by unreasonable delay is entirely independent of those things which ordinary diligence does not require, and the court rightfully refused to charge as requested. It was admitted that the goods were kept four weeks; an unreasonable time on the facts. The court charged fully and fairly on the question of reasonable diligence and the defendant has no just ground of complaint.

5. It was not error for the court not to comment on the bearing and weight of evidence where no comment was made on any of the evidence, as in this case. But the defendant

did not request the court to comment on this subject, and therefore cannot take advantage of any failure to do so. *Waters* v. *Bristol*, 26 Conn., 398; Thompson on Charging the Jury, 581.

6. The case is too trivial to be sent back and tried over. Only $38 is involved, for it is conceded that the defendant owes us $4.50. In *Buddington* v. *Knowles*, 30 Conn., 26, this court said that a verdict for $66 should not be set aside even for error, on account of the trivial amount involved. See also *Hull* v. *Bartlett*, 49 Conn., 64; *Sheldon* v. *South School District*, 24 Conn., 90.

LOOMIS, J. The complaint seeks to recover the price of merchandise, consisting of hats, caps, collars and gloves, sold and delivered to the defendant pursuant to his written order, which is annexed to the finding as an exhibit. The order classified the goods wanted according to the kind and style—each class occupying a line by itself, on which was given the size and over it the number desired of that size; at the left the numbers were summed up in fractions of a dozen, and at the extreme right the price of a dozen was given. Take, for example, the first line in the order, which also in part involves the matter in dispute:—

$$\text{``}\tfrac{1}{2}\text{ doz. rat high college }\overset{1}{6\tfrac{7}{8}},\ \overset{2}{7},\ \overset{2}{7\tfrac{1}{8}},\ \overset{1}{7\tfrac{1}{4}}\text{-----------------}\$18.50\text{''}$$

The goods were sent in boxes, accompanied by the plaintiff's bill, which on its face showed a full compliance with the order. The bill had also a printed heading:—"All claims must be made within three days after receipt of the goods." The defendant kept the goods about a month before he had occasion to open the boxes, and then for the first time discovered that some of the caps were not of the size required by his order and not of the size indicated by the labels thereon, and such goods he returned to the plaintiff, who refused to receive them, on the ground that each dozen or fraction of a dozen was an entire contract which must be rescinded *in toto* or not at all, and also that the offer to return was not made within a reasonable time; and

therefore he claimed to recover for all the goods originally delivered. The court, as matter of law, in its charge to the jury adopted the first mentioned claim of the plaintiff, and as the defendant conceded he did not return all of any one of the classes consisting of a dozen or fraction of a dozen, a verdict against him was inevitable.

In thus applying the law which the plaintiff invoked as to the entirety of contracts the court was doubtless influenced by such propositions as are laid down in *Clark* v. *Baker*, 5 Met., 459, and *Mansfield* v. *Trigg*, 113 Mass., 350. It is not our present purpose to discuss the propositions referred to, nor to examine and apply the nice distinctions that obtain as to the divisibility of contracts.

In *Mansfield* v. *Trigg* the court, while holding that a sale of a specific number of packages of an article at a given price per package was an entire contract, also held that "the rejection and return of an article of a different kind or description, not answering to the terms of the contract, do not stand upon the ground of this decision, nor does the right to return them depend upon the existence of a warranty."

The defect claimed was not one of quality, but of size in respect to hats and caps. The suggestion is now made that as the extent of variation did not appear it might have been trivial, but no such point was made in the court below. The court in its ruling assumed that the claimed variation was so substantial that, if it existed as to each article composing the class, the whole might have been returned. The finding shows that the defendant on his part distinctly claimed that the variation in size was such that the articles rejected were of no use to him. We shall therefore assume for the purposes of this discussion that the variation was substantial and not trivial and immaterial. We can readily see that it might have been so material as to render the article returned a different thing from that specified in the order, so as to come within the rule last suggested. It must be borne in mind that the identity of a thing within the meaning of the rule does not depend on its being of the

same class or kind, but rather on its adaptation to the wants and uses of buyers.

The local merchant presumably has his regular customers, who require hats and caps of definite sizes, and he makes his order on the wholesale dealer with reference to this and to the probable demand. If one of the retailer's customers sends to him for a $7\frac{1}{4}$ hat, and one is sent, so labeled, but which proves to be a $6\frac{3}{4}$ or even a 7 in size, it would at once be conceded that the customer could reject it as a very different thing from what he ordered. A difference which is so material between the retailer and his customer, must also be important as between the wholesale and retail merchant.

In *Gardner* v. *Lane*, 12 Allen, 44, *A* undertook to pay *B* a debt by delivering to him a hundred and thirty-nine barrels of No. 1 mackerel. *A* delivered part No. 1 mackerel, and forty-six barrels of No. 3 mackerel. *B* actually received the mackerel but did not open the barrels. *C*, a creditor of *A*, attached the No. 3 mackerel as *A's* property. *B* undertook to affirm the sale, claimed the property as his own, and replevied it. On the trial *C* claimed that no property in the No. 3 mackerel had passed to *B*, as the claimed delivery was a non-performance. *B* claimed that the difference between No. 3 and No. 1 was a difference in quality, and that the title did pass subject to his right to rescind. The court held the difference between No. 1 and No. 3 mackerel to be a difference in kind, and that no title passed to *B* in the No. 3 mackerel, because his contract for sale was for articles of a different kind, and that he had never assented to receive the No. 3 mackerel by reason of his want of knowledge; and so the attaching creditor held the goods.

In *McEntyre* v. *McEntyre*, 12 Iredell, 79, and in *Waldo* v. *Halsey*, 3 Jones (Law,) 107, the proposition is stated as everywhere admitted to be law, that "if one, not having seen them, orders goods of a certain description at a certain price, and the goods do not answer the description, he may return them or offer to return them within a reasonable time." In the last mentioned case the order was for bags

of a certain size, and the only defect was that they were of less size.

If then we should concede that the order for each dozen or fraction of a dozen was an entire contract, and that the hats or caps sent were materially different in size from those ordered, the plaintiff himself was in default as to his contract, and could not recover anything, except for the fact that partial performance had been accepted and full performance waived by the act of the defendant. It seems to us that the court should have charged the jury in substance according to the defendant's request referred to in his fifth assignment of error.

It is suggested that the application of the principle under consideration might work injustice to the plaintiff by compelling him to deduct the proportionate price of a single article returned when the contract estimated the price only by the dozen, but a more critical examination of the contract found in the defendant's order and the plaintiff's acceptance of it, as indicated in his bill rendered, will lead to a different construction.

So far as the disputed items are concerned there is no instance where an entire dozen is ordered, and the price for a dozen is always given, whether the fraction is large or small, but the plaintiff's bill carries out the proportionate price. In two instances only one article of the class is ordered and it is entered as $\frac{1}{12}$ of a dozen, (we refer to the item "colored beaver gloves") and yet the price of the dozen is given, namely, $54; but in the plaintiff's bill, in addition to the price per dozen, the charge is carried out as $4.50, being precisely $\frac{1}{12}$ of the price per dozen. We think there is enough appearing to justify the inference that the statement in dozens was merely for convenience in accounting, and that the parties understood the order to mean the same as if each separate article was itemized and carried out at a sum indicated by taking one twelfth of the price given for a dozen. We think therefore the consideration by the true construction of the contract was susceptible of division and apportionment.

Our reasoning has a bearing also on the question whether the contract was entire or divisible, which, as we have already indicated, we do not intend to decide.

The remaining question relative to a reasonable time for returning the goods rejected has no importance except with a view to another trial, for as under the charge of the court and the conceded facts the defendant could not return the goods at all, there was no occasion to consider the question of reasonable time for such return. The presumption is that the jury did not pass upon the question. But had it been before them the charge as given would seem to be correct. It was as follows:—" What is a reasonable time is a question for the jury and to be determined in view of all the evidence and circumstances attending each case. What would be reasonable time under one set of circumstances might not be in another. You will take into consideration the order given, when given, the time when goods were received, the nature of the goods, the season for selling them, the acts of the parties, and all the circumstances, and view the matter in a common sense and reasonable light."

In a matter within the exclusive province of the jury, if the questions of fact are fairly submitted to them, it is not error for the court to omit all comment upon the bearing and weight of the evidence.

It has been suggested that, as the printed heading of the bill sent to the defendant required that " all claims must be made in three days," and none were in fact made for a month, the question of reasonable time must be decided adversely to the defendant. As no reference was made to this fact in the court below and no claim was predicated upon it, we are not required to comment upon it. With a view however to another trial it may be well to say that, as the case is presented, these words formed no part of the contract between these parties, and the defendant was not thereby limited to the time mentioned to make his objections to receiving the goods. The case of *Beane* v. *Tinkham*, 14 R. Isl., 197, fully supports this position.

There was error in the ruling complained of and a new trial is ordered.

In this opinion PARK, C. J., and CARPENTER and GRANGER, Js., concurred.

STODDARD, J. It does not appear to be found as a fact that a description of hats and caps by the number as expressing the size has such a definite and precise meaning, even in that trade, that a hat or cap called seven and a quarter is a different thing, either actually or as understood by the trade, from a similar hat or cap called seven and an eighth; and it is found that the defendant admitted that he had no way of telling what the variation in size was. As this court can exercise jurisdiction to revise questions of law only, I think it can not, by assuming that the articles in question were different things, say as matter of law that the court below erred in treating the claimed variations as immaterial. I therefore can not concur in the opinion of the court.