JAMES McQUILLAN vs. THE WILLIMANTIC ELECTRIC
LIGHT COMPANY.

First Judicial District, Hartford, May Term, 1898. ANDREWS, C. J.,
　　TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The mere fact that an employee of an electric light company, while
trimming a lamp at the top of a pole, did not support himself in pre-
cisely the same way that his instructor had done, cannot be held to
be negligence, as matter of law. The question is not whether the em-
ployee performed his work in exactly the manner that his instructor
did, but did he exercise ordinary care under all the circumstances.

To what extent the court should refer to or comment upon the evidence,
in submitting to the jury a question of fact, is within the fair dis-
cretion of the trial judge.

In an action against a corporation by an employee to recover damages
for personal injuries alleged to have been caused by its negligence,
the defendant offered to show that it was protected by insurance
against loss from the plaintiff's claim. This evidence was offered
as tending to prove that the defendant's superintendent, a witness,
had no motive to testify untruthfully. *Held* that inasmuch as it did
not appear that the witness knew that such insurance had been ef-
fected, the fact of its existence could have had no influence upon
his mind, and the evidence was therefore properly rejected.

Whether under other circumstances such evidence would have been ad-
missible, *quære.*

[Argued May 3d—decided July 26th, 1898.]

ACTION to recover damages for personal injuries received
through the claimed negligence of the defendant, brought to
the Superior Court in Windham County and tried to the jury
before *Shumway, J.;* verdict and judgment for the plaintiff
for $1,200 damages, and appeal by the defendant for alleged
errors in the rulings and charge of the court. *No error.*

The plaintiff claimed to have proved that on the 4th of
September, 1896, he was employed by the defendant as a
trimmer and cleaner of its electric lamps, under a contract
made with his brother John McQuillan, defendant's foreman,
who was authorized to make such contract by Edwin Evans,
defendant's manager at Willimantic; and that on the 6th of
September, while preparing to trim an arc light, the cross-

bar of the pole, by reason of the rotten condition of the top of the pole, gave way, and the plaintiff fell to the ground, a distance of about thirty feet, and was seriously injured.

The defendant claimed to have proved that the injury was not caused by the defendant's negligence, but by the plaintiff's negligence, and that the plaintiff was not in defendant's employ at the time of his injury.

It appeared in evidence that one Doyle, who was employed by the defendant as a trimmer of electric lamps, and who was familiar with the work, had given notice that he intended to leave the defendant's employ on Saturday the 5th of September, and that John McQuillan was desirous to have his brother, the plaintiff, secure Doyle's place; that on the 4th of September the manager, Evans, who was in Spencer, Massachusetts, by telephone directed the bookkeeper, Miss McCullough, to tell John McQuillan to employ one Williams to take Doyle's place, and that John McQuillan, when so informed by the bookkeeper, replied that he should not get Williams, and that Evans knew he wanted his brother to have the place; and that later that day John McQuillan and Evans conversed by telephone, concerning which conversation the testimony of John McQuillan and Evans, who were witnesses at the trial, was conflicting, the former testifying that Evans told him to go ahead and employ his brother, and that he thereupon employed him, and the latter that he told McQuillan to leave the matter until he, Evans, returned.

Evidence was introduced from which the defendant claimed that the plaintiff, at the direction of his brother, the day before the accident, went with the said Doyle to receive instructions how to perform his work; that Doyle in instructing the plaintiff did not throw his leg over the cross-bar while upon the pole, but that the plaintiff did throw his leg over the cross-bar when he was injured. A witness of the defendant testified that the usual and proper position upon the pole in trimming these lights was to throw one leg over the cross-bar.

The defendant requested the court to charge the jury as

follows: "If from a fair preponderance of evidence you find that on the 6th day of September, 1896, the plaintiff was in the employ of the defendant to transact duties in the capacity in which he was injured, and went around the day before with Lawrence Doyle to observe and be instructed in the discharge of his duties, and in being so instructed his instructor did not throw his leg over one of the cross-bars or arms, but so cleaned and trimmed the light that if the pole was defective where it broke there was no danger to the trimmer, and if upon the day of the accident, after such instructions on the part of Doyle, the plaintiff went up the pole and in a different manner from his instructions, and if by following his instructions no accident would have happened, the defendant is not liable."

The court did not so charge, but upon that point charged the jury " that if the plaintiff was informed that it was unsafe to throw his leg over the cross-arm and that he should not assume that position in trimming lamps, and if, contrary to the instruction given to him by the person who taught him to trim, he did take that position upon the pole, then, in that case, he would assume himself the risk of injury, and could not recover."

In charging the jury the court said, with reference to the question of fact whether the plaintiff at the time he was injured was an employee of the defendant: " The evidence upon that particular point rests mainly upon the testimony of Mr. Evans, on the part of the defendant, and upon that of the plaintiff himself and of his brother, as to the manner in which he was employed, if at all, by the defendant company. . . The evidence upon this point is very brief, resting mainly upon the testimony of the witnesses to whom I have referred, and perhaps also upon the testimony of Mrs. James McQuillan, upon some statement which she claims Mr. Evans made to her, 'that the plaintiff was in the employ of the defendant but a short time.' All that evidence, and the claims made therefrom, you will take into consideration, giving it such weight as you may think it entitled to."

The said Evans having testified that he never authorized

John McQuillan to employ the plaintiff, the defendant offered to prove that it was fully insured against such injuries
received by its employees as that received by the plaintiff, as
tending to prove that Evans had no motive to testify untruthfully.    The plaintiff objected to such evidence as immaterial,
and the court excluded it.

The charge of the court, its refusals to charge as requested,
and said ruling, are grounds of alleged error in the appeal.

*Solomon Lucas*, for the appellant (defendant).

*Elliot B. Sumner* and *Charles E. Searles*, for the appellee
(plaintiff).

HALL, J.    The record does not disclose that the plaintiff
received any express instruction that it was unsafe for him,
in order to support himself while at work upon the electric
light pole, to throw his leg over one of the cross-arms.    Evidence presented by the defendant showed that Doyle, who
in behalf of the defendant instructed the plaintiff how to
perform his duties, did not assume that position, but that the
plaintiff at the time of his injury did.    If the defendant knew
that it was dangerous for a workman to so support himself
by the cross-bar, the plaintiff should have been so informed,
unless the danger was obvious.    In the absence of such information, the court properly refused to charge the jury, as
requested by the defendant, that the fact that the accident
resulted from the use by the plaintiff of the cross-bar as a
means of support, when it had not been so used by his instructor Doyle, would defeat a recovery by the plaintiff.    The
question was one of contributory negligence.    The inquiry
was, did the plaintiff exercise the care of a person of ordinary
prudence, and not, did he perform the work in precisely the
same manner that his instructor did.    Throwing his leg
over the cross-bar may have been a safer way to work than
that adopted by Doyle; in fact one of the defendant's witnesses testified that the position taken by the plaintiff was
the usual and proper one.

The question of fact whether the plaintiff was in the employ of the defendant at the time of the accident, was by the charge of the court fairly and properly submitted to the jury in accordance with the provisions of § 1101 of the General Statutes, that the court "shall submit all questions of fact to the jury, with such observations on the evidence, for their information, as it may think proper, without any direction how they shall find the facts." The defendant complains because the court, in commenting upon the evidence upon this question, did not refer to the testimony of Miss Mc-Cullough. The court did not assume to state all the evidence which might have borne upon that point. The language of the court was that the evidence upon the subject rested "mainly" upon the testimony of Evans, and of the plaintiff and his brother. A judge in charging the jury is not required to review all the evidence which has been introduced, nor is it error to omit all comment upon the bearing and weight of the evidence. *Cohen* v. *Pemberton*, 53 Conn. 221, 235. The extent to which he should comment upon the evidence in submitting to the jury a question of fact, is within the fair discretion of the trial judge. *Setchel* v. *Keigwin*, 57 Conn. 473, 478; *State* v. *Duffy*, ibid. 525, 529; *Morehouse* v. *Remson*, 59 id. 392, 401.

The dispute as to the authority of John McQuillan to employ the plaintiff, related mainly to what was said by Evans by telephone to the foreman McQuillan. There seems to have been no controversy at the trial concerning the message of Evans to Miss McCullough or its delivery to the foreman, or his reply to her when the message was delivered. There was no occasion for the court to call the attention of the jury to what was conceded by the parties and understood by the jury. *Calkins* v. *Lockwood*, 17 Conn. 154, 173.

There was no error in excluding the evidence offered by the defendant, that it was protected by insurance against loss from injuries sustained by its employees by such accidents. This evidence was offered "as tending to prove that Evans had no motive to testify untruthfully." Unless he knew that such insurance had been effected, the fact of its exist-

ence could have had no influence in his mind. No proof of knowledge was offered, nor was it claimed that the jury might infer it from his official connection with the company. The ruling was therefore correct, even if (as to which we express no opinion) the evidence would, under other circumstance, have been admissible. None of the reasons of appeal can be sustained.

There is no error.

In this opinion the other judges concurred.