## BELLE V. JOYCE *vs.* MYRON JOYCE.

Third Judicial District, New Haven, June Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A witness having testified in chief that he had no money wherewith to buy the goods which the plaintiff claimed he had purchased and given to her, was asked on cross-examination if he had not presented a claim for $115 against an estate and been paid that amount. *Held* that the question was proper cross-examination, and that the facts which it sought to elicit need not be proved by the probate records.

The best evidence of the receipt of money is the testimony of the person who received it.

The extent to which a trial judge shall refer to or comment on the evidence in his charge to the jury is a matter confided to his discretion, the exercise of which, unless abused, is not reviewable by this court on appeal.

It is for the jury to say how far the credibility of a witness is affected by an earlier written statement signed by him which contradicts his testimony as given in court; and in determining this, the circumstances under which the written statement was executed are to be taken into consideration.

Substantial compliance with a request to charge affords the appellant no cause of complaint, especially if, as in the present case, the instruction given was more favorable to him than the one requested.

Argued June 4th—decided July 30th, 1907.

ACTION of replevin for household furniture, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Howard W. Taylor,* for the appellant (defendant).

*John F. Addis,* for the appellee (plaintiff).

THAYER, J. The plaintiff is the daughter-in-law of the defendant. She and her husband separated by mutual consent in September, 1904. Her husband, at the time of the separation, signed a paper reading as follows: "New Fairfield, Conn., Sept. 12th, 1904. I, Keith Joyce, of the town of New Fairfield, do this day turn my wife, Belle V. Joyce, out of doors and out of my home, harboring no malice. I agree to give her all that belongs to both of us, viz: The parlor furniture with the exception of the organ, the parlor carpet, curtains, poles, clock and ornaments. The dining-room furniture with the exception of the sewing machine, also the matting and pictures, the dishes belonging to both of us including the dinner and tea sets, washstand sets, &c., washtub, boiler, washboard and everything belonging to both of us, also her furniture that she brought from home. Keith Joyce."

At this time they were living in the house with the defendant. The plaintiff took some of the enumerated articles with her when she left, but those replevied, which were also enumerated in the paper, the defendant refused to permit her to remove, claiming them as his own.

The case turned upon the ownership of these articles; the plaintiff claiming that she purchased some of them with her own money, and that the remainder were purchased by her husband with his money and given to her by him at the time of purchase. The defendant claimed that all the articles, save two or three small items which he admitted upon the trial belonged to her, were purchased for him by his son as his agent, with money furnished by him, and still remained his property.

Upon the trial Keith Joyce was called as a witness for the defendant, and having testified in chief that he lived and worked at his father's home, and had no money except such as was given him by his father, was asked upon cross-examination if he did not present a claim of $115 against a certain estate, and if that sum was not paid him. The defendant objected to the question, upon the ground that if such claim was presented and paid it was matter of rec-

ord. The overruling of this objection is assigned as error.

The facts called for by the question were not matters in issue between the parties to the suit, and were of no importance in the trial except as they tended to contradict the direct testimony of the witness. The purpose of the question was not to prove the contents of the probate rec-. ord, but to show that the witness had received $115 from another source than his father. It was thus competent cross-examination. The circumstance that the money was received from an estate, and that the administrator may have made return that he paid it, did not exclude oral proof of the receipt of the money by the very person who received it. The witness, and not the probate record, was the best evidence of such receipt, and the objection on the ground that it should be proved by the record was properly overruled.

The defendant also appeals because the court refused to find that the testimony of one Austin, a witness called by the defense, contradicted the testimony of the plaintiff and corroborated that of her husband, Keith Joyce, and because the court neglected in its charge to call the jury's attention to such contradiction. Assuming that there was a contradiction as claimed, it was not incumbent on the court to call the jury's attention to the fact in its charge. The extent to which the court should comment on the evidence was a matter within its discretion, and error cannot be predicated upon its fair exercise of that discretion. *McQuillan* v. *Willimantic Electric Light Co.*, 70 Conn. 715, 719, 40 Atl. 928. There is no occasion, therefore, to correct the finding, did the evidence sent up warrant it, as the sole purpose for which the correction is asked is to present the question just considered.

The first, third, fourth, and fifth reasons of appeal relate to the court's refusal to charge as requested, and to its charge as given, relative to the paper given by Keith Joyce to his wife, above mentioned. The defendant requested the court to charge " that if the jury believe from all of

the evidence in the case that the said Keith Joyce signed said document of September 12th, 1904, under duress, then the fact that he so signed said document ought not, in law, to affect his credibility."

Doubtless the fact that he signed the document under duress would not affect his credibility. But as neither the plaintiff nor the defendant claimed that it did, there was no occasion for such an instruction. The plaintiff claimed that Keith Joyce's testimony, that the replevied articles belonged to the defendant, was contradicted by the statement in the paper that it belonged to the plaintiff and himself. The defendant by his request probably meant that the statement would not have this effect and so would not affect his credibility, if the paper was signed under duress. The husband's claim as to what induced him to sign the paper would not warrant the jury in finding that he signed it under duress. But it was for the jury, in any event, to say what effect the statement in the paper would have as affecting the witness' credibility; and in considering that matter they were to take into consideration the circumstances under which the paper was signed. They were so instructed by the court, after it had called their attention to the conflicting claims of the parties as to the circumstances under which the paper was signed. The defendant has nothing of which to complain, either in the court's refusal to charge as requested, or the charge as given, upon this point.

The only remaining reason of appeal is the second, which relates to the court's refusal to charge as requested : " If the jury find from all of the evidence in the case that Myron Joyce was owner of the property in question on September 12, 1904, and further find that when Keith Joyce signed the document of September 12th, 1904, both he and the plaintiff believed and also hoped that Myron Joyce, the defendant, would ratify the act of the said Keith Joyce in his attempted disposition of the property, as evidenced by said document, and the jury further find that the said Myron Joyce never in fact ratified said 'attempted dispo-

sition' by the said Keith Joyce, then your verdict should be for the defendant." The court, after having told the jury that the plaintiff, to recover, must prove that she was the owner of the property, instructed them as follows: "If this property, or any of it, was Myron Joyce's property, there is not any evidence in this case that would justify you in finding by this paper or by any subsequent acts that it has become the property of Belle Joyce. If it was bought for Mr. Myron Joyce with his money and at his direction and for him, it remains his, and Mr. Keith Joyce, of course, could not give away his father's property unless his father first gave it to him."

This was more favorable to the defendant than the instruction requested, and he was not injured by the court's refusal to charge in the language of the request.

There is no error.

In this opinion the other judges concurred.