**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert QUAGLIATO, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Victor Andrew QUALIATO, Defendant-Appellant.**

**Nos. 14796, 14797.**

United States Court of Appeals Seventh Circuit.

March 23, 1965.

Certiorari Denied June 1, 1965.

See 85 S.Ct. 1771.

Sidney S. Altman, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., James J. Casey, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

PER CURIAM.

Defendants Robert Quagliato and Victor Qualiato, together with one John Ippolito, were jointly indicted by the grand jury for having in their possession certain goods and chattels of a value in excess of $100, knowing them to have been stolen from a motor truck while being shipped in interstate commerce, in violation of Title 18 U.S.C.A. § 659.

Ippolito was adjudged guilty of the substantive offense charged in the indictment following his plea of guilty thereto. He is not a party to this appeal.

Quagliato and Qualiato entered a plea of not guilty. Following a jury trial each of them was found guilty of aiding and abetting Ippolito in the commission of the substantive offense charged in the indictment. Judgment of conviction was entered on the guilty verdict and each was

sentenced to the custody of the Attorney General. These appeals followed.

The two appeals were consolidated for briefing and oral argument herein and are considered jointly.

Appellants assert two errors relied upon for reversal, viz.: (1) that there was *no evidence* they had possession of the stolen goods or that they aided or abetted Ippolito; and (2) that the trial court gave an erroneous instruction to the jury.

At the trial, the Government presented the testimony of numerous agents of the Federal Bureau of Investigation who testified concerning the entire episode, the activities of appellants and their questioning Qualiato and his admissions (admitted only against him). Quagliato was the only defendant to take the stand and was the only witness produced by defendants.

■ It is elementary, of course, that in reviewing the record on appeal we will not weigh the credibility of witnesses, but must view the evidence in the light most favorable to the Government, together with all reasonable inferences which might have been drawn therefrom.

■ We have reviewed the transcript of the evidence in this case. It is abundantly clear to us that the jury was justified in determining the issue of aiding and abetting as was done in this case. The evidence introduced by the Government amply supports the verdict of the jury.

■ We have examined the challenged instruction. Either appellants misunderstood the instruction or the objection is trivial. In any event, in our judgment the instruction in question was a correct statement of the law and the trial court did not err in so instructing the jury.

Finding the claims of appellants to be wholly without merit or substance, the judgment of conviction of each appellant is affirmed.

Affirmed.