EDWARD CULLUM *vs.* JAMES F. COLWELL, EXECUTOR
(EDWARD CULLUM'S APPEAL FROM. PROBATE).

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH
WHEELER, Js.

Having instructed the jury that the burden of proof upon the issue of
    undue influence rested upon the opponent of a will, except where the
    will is in favor of one occupying a fiduciary relation to the testator,
    the trial court, citing several such instances, added, "or where the
    will is in favor of a person occupying a clearly analogous position of
    trust." *Held* that it was unnecessary for the court to explain more
    fully the meaning of an "analogous position of trust," or to state
    whether the circumstances of the case were such as to bring the
    parties within the meaning of that phrase, since it did not appear
    that the appellant contended, or could have fairly claimed, in the
    court below that there was evidence tending to bring the case
    within said exception.
In charging the jury the trial judge may refer to the evidence, or lack of
    evidence, bearing upon the issues, and may comment upon the
    weight of the evidence, so long as he does not direct or advise the
    jury how to decide the matter; the extent to which such reference
    or comment should be made being within his sound discretion.
Proof of a testator's words and acts prior and subsequent to the execu-
    tion of his will is admissible upon the issue of his mental capacity.
    The acts and words at and nearest to the time of its execution may
    have the greater weight as evidence, diminishing in weight as time
    lengthens in each direction; the jury to determine when they cease
    to have any weight.
Where there are several distinct grounds upon which a verdict might
    be based, it is within the reasonable discretion of the trial court to
    submit written interrogatories to the jury to ascertain which ground
    they adopted, since there may be little or no evidence upon one
    ground, and sufficient evidence upon another.
If a witness, known to have been in a position to know material facts, is
    equally within the control of both parties, no presumption arises
    that, if called, his testimony would be derogatory to the interests
    of a party failing to call him.

Argued April 17th—decided June 13th, 1912.

APPEAL by the plaintiff from a decree of the Court of
Probate for the district of Waterbury approving and

admitting to probate the last will of Mary Cullum of Waterbury, deceased, taken to the Superior Court in New Haven County and tried to the jury before *Holcomb, J.;* verdict and judgment confirming the decree of the Court of Probate, and appeal by the plaintiff. *No error.*

*John F. McGrath* and *Lawrence F. Lewis*, for the appellant (plaintiff).

*Terrence F. Carmody* and *John H. Cassidy*, for the appellee (defendant executor).

RORABACK, J. This case was tried to the jury in the Superior Court, where a verdict was rendered sustaining the will. The appellant contended that the instrument was not properly executed as a will, that at the time of its execution Mrs. Cullum did not have testamentary capacity, and that she was induced to make the will by undue influence.

The reasons of appeal now before us allege errors in the charge of the court, and in its failure to charge as requested.

At the time of her decease the testatrix, Mary Cullum, was sixty-three years of age. She had no children. Her husband, an elderly man, sixty-five years of age, had not engaged in manual labor for some time prior to the death of his wife. Mary Cullum, when she died, had a brother residing in Ireland; a sister, Margaret Cullum, and her family, and children of a deceased brother, all of whom survived her and resided in Waterbury. Mary Cullum's estate amounted to about $14,000.

The first paragraph of the will in controversy gave the children of her deceased brother a note and mortgage amounting to $2,000. The second devised to her hus-

band, Edward, the life use of Mary's one-half interest in the homestead, valued at $1,400. The third and fourth bequeathed $500 to a Roman Catholic church in Waterbury, and the residue and remainder of her estate was devised and bequeathed to her sister, Margaret Colwell. The will in dispute was executed August 4th, 1911.

Mary Cullum died on the 25th of August of the same year.

Upon the trial in the Superior Court the executor rested his case after he had offered evidence to prove, and claimed to have proved, that the will was duly executed when the testatrix was of sound mind.

The appellant then offered evidence to show that this alleged will was not signed by the testatrix, and that at the time when it was claimed that it was signed she was not of sound mind, and that she was unduly influenced by Margaret Colwell and by the executor, James Colwell, to make the will.

The executor, in rebuttal, offered evidence to meet the testimony of the appellant as to the execution of the will, the alleged mental incapacity of the testatrix, and the undue influence claimed to have been exerted upon her.

Upon the question of undue influence the court said to the jury, in part: "And as this will is attacked in this third reason of appeal upon the ground of having then been obtained by undue influence, the issue presented and which you must determine is—was this testatrix induced by undue influence to make her said will or any provision thereof. The opponent of the will, that is, the appellant, maintains the affirmative of this issue, and his burden therefore is to prove by a preponderance of the evidence that said Mary Cullum was induced to make and execute this will controlled by the undue influence exerted upon her by Margaret and James Col-

well and others, as alleged. If he has failed to sustain this burden, your determination of this issue must be in favor of the proponent of the will. There is only one exception to this rule placing the burden of proof upon the opponent to the will upon the issue of undue influence. Where a will is in favor of a lawyer who draws it or advises as to its provisions; or where the will of a minor is made in favor of a guardian who has the legal custody of the person and estate of such minor; or where the will is in favor of a person occupying a clearly analogous position of trust; in such cases the burden of disproving undue influence is upon the proponent of the will. It is not alleged and does not appear that there was any such trust relation between the devisees or legatees in this will to Mary Cullum, and I therefore charge you that this case does not come within the exception to the rule, and that the burden of proving the alleged undue influence is upon the said Edward Cullum. If he has failed to prove by a preponderance of the evidence that such undue influence was in fact exercised, your conclusion upon this issue must be in favor of the proponent of the will."

The appellant criticises this portion of the charge because it failed to explain to the jury what was meant by "analogous position of trust," or whether the circumstances of the case were such as to bring the parties within the meaning of that phrase. This objection is not well founded.

It does not appear that in the trial of the case in the court below the appellant contended, or could have fairly claimed, that there was evidence tending to show that the case came within the exception to the rule that the burden of proving undue influence was upon the party alleging it. Under such circumstances a more detailed instruction as to the meaning of an "analogous position of trust" was unnecessary. The language used

by the court was applicable to the facts appearing in the case.

The court, in connection with the controverted question as to whether or not the purported will had been duly executed, after calling the attention of the jury to the testimony of several witnesses who had testified that Mary Cullum, the deceased, could not write, also stated that "the testimony as to the execution of this will . . . is that of the three attesting witnesses thereto, viz: John H. Cassidy and Edward O'Brien, lawyers, and John H. Kelley, a merchant, all of Waterbury. . . . You have heard the testimony of these witnesses that a book was procured for Mary Cullum to use as a desk; that she was propped up with pillows; that with her own hand she signed her first or given name, and the ink failing the pen was re-inked and given to her and she then finished subscribing her name to said writing, and that no one guided her hand; that she said it was her will and asked them to sign as witnesses and that they did so in her presence. . . . It is manifest that this is not a situation where these witnesses could be mistaken. Mary Cullum subscribed her name to said writing or these witnesses have been guilty of perjury. So far as appears O'Brien and Kelley have no interest in the result of this action, and Cassidy none except his connection with the case as an attorney. You have seen these witnesses upon the stand and will determine whether they are truthful or otherwise."

It has been established by repeated decisions in this State that a court, in submitting a case to the jury, may call the attention of the jury to the evidence, or lack of evidence, bearing upon any point in issue in the case, and may comment upon the weight of the evidence, so long as it does not direct or advise the jury how to decide the matter. *State* v. *Duffy,* 57 Conn. 525, 529, 18 Atl. 791; *State* v. *Rome,* 64 Conn. 329, 337, 30 Atl.

57; *State* v. *Fetterer*, 65 Conn. 287, 289, 32 Atl. 394; *State* v. *Cabaudo*, 83 Conn. 160, 163, 76 Atl. 42. The extent to which a trial judge shall refer to or comment on the evidence in his charge to the jury is a matter confided to his sound discretion. *Joyce* v. *Joyce*, 80 Conn. 88, 90, 67 Atl. 374.

In the present case, the court submitted the question of fact to the jury without any direction as to how to find the facts, and there is nothing in the record to indicate such an abuse of its discretion by the court in commenting upon the testimony as to warrant a new trial for this reason.

The appellant offered evidence to prove and claimed to have proved that, about three weeks after the will is said to have been executed, Father Skelly, pastor of the Sacred Heart Church, called to see Mary Cullum, and told her that she did not have twenty-four hours to live, and that she should arrange her temporal affairs; and that shortly after he left she called her husband and gave him a bank-book representing a deposit of over $10,000, saying she was going to die, and that "this bank-book belongs to you and everything else in the house;" and that thereupon the appellant took said book and looked at it and deposited it in a drawer of a stand in the same room.

In referring to this claim the trial court said to the jury: "You will remember the statement of the appellant that the morning before his wife died, or the day before she died, she said to him, in effect to take this bank-book, referring to Exhibit 6, the one which is in evidence with the deposit of ten thousand three hundred and sixteen dollars and sixty-four cents, it is yours. If it is claimed from this that at that time she had the legal capacity to make a valid gift of upwards of ten thousand dollars deposit in the savings bank evidenced by the bank-book, you will take into consideration in

determining whether or not she had the legal capacity to dispose of the same property by her will or not some three weeks before that date. The jury have nothing to do with the question whether Mary Cullum did what was necessary in law to be done to make a valid gift of this deposit in the bank. If there is a controversy as to that, it must be determined in a proper action."

"In determining the question as to the mental capacity of a testator at the time of executing a will the law admits proof of his words and acts prior and subsequent to that point of time. . . . The acts and words at and nearest to the time of execution may have the greater weight as evidence; diminishing in weight as time lengthens in each direction; the jury to determine when they cease to have any." *Canada's Appeal,* 47 Conn. 450, 463.

The court did not err in the application it made of the testimony concerning the declarations and conduct of the testatrix.

The Superior Court unquestionably had the right to submit written interrogatories to the jury to be answered by them upon returning their verdict. Where there are several distinct grounds upon which a verdict might be based, it is not improper for the judge to ascertain which ground the jury adopted, since there may be little or no evidence upon any one ground and sufficient evidence upon another. This is a matter within the reasonable discretion of the trial court. *Freedman* v. *New York, N. H. & H. R. Co.,* 81 Conn. 601, 614, 71 Atl. 901.

One reason of appeal relates to the omission on the part of the court to charge the jury that, under certain circumstances, the failure on the part of a party to call witnesses known to have been in a position to know material facts, gives rise to the presumption that, if

called, the testimony of such witnesses would be derogatory to the interests of such party.

This complaint arose from the fact that Father Skelly called upon Mrs. Cullum a few hours before her death and told her that she had but a few hours to live, and that she should arrange her temporal affairs. The court pursued the proper course in this respect. No claim of this character was made by the appellant in the court below, and the situation before the jury was not such that the appellant could justly complain because such instructions were not given. The circumstance that Father Skelly, who was equally within the control of both parties, was not called, raised no presumption against the appellee that, if called, the witness would have been unfavorable. *Scovill* v. *Baldwin,* 27 Conn. 316, 318.

The charge is not subject to the criticism that the trial court erred in unnecessarily emphasizing minor claims of fact of the appellant, and in the exclusion of others, more important, which he made upon the trial.

The appellant submitted a request for ten separate instructions to the jury, all of which, so far as they were pursued before this court, were substantially complied with.

There is no error.

In this opinion the other judges concurred.