ROSE FIERBERG *vs.* DR. R. W. WHITCOMB.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued December 5th, 1934—decided January 21st, 1935.

*Aaron Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellant (plaintiff).

*Cyril Coleman,* with whom, on the brief, was *Lawrence A. Howard,* for the appellee (defendant).

AVERY, J. This is an action for malpractice against the defendant, a dentist practicing in Hartford. The complaint is in three counts: the first is based on negligence in that the defendant was alleged to have read

certain X-ray plates inaccurately, whereby he extracted two teeth which were not abscessed, and failed to extract two abscessed teeth; the second is based on contract and alleges a breach of the defendant's undertaking to extract two abscessed teeth; and the third sets up a battery, in that the defendant extracted two teeth without the plaintiff's consent. It was alleged that, as a result of the defendant's wrong, the plaintiff, in addition to the loss of the teeth, continued to suffer from arthritis caused by infection from the two abscessed teeth, and was caused considerable expense for medical and dental care. The jury returned a verdict for the defendant which the court refused to set aside upon the plaintiff's motion.

The errors assigned in the present appeal are in the action of the court in refusing to set aside the verdict, certain claimed errors in the charge, and claimed improper argument by counsel. While the errors assigned are quite numerous, none of them are such as to require an extended discussion. The plaintiff seeks to have eleven corrections made to the finding. A finding in a jury case is merely "a narrative of the facts claimed to have been proved on either side, made for the purpose of fairly presenting any claimed errors in the charge or rulings of the court." *Brown* v. *Goodwin,* 110 Conn. 217, 218, 147 Atl. 673. The corrections sought by the plaintiff are either contrary to the evidence or are a recital of evidence immaterial to the decision of any questions of law raised on this appeal.

There is no dispute in the testimony that the plaintiff, a married woman twenty-nine years of age and with one child, had suffered severely from arthritis; and, upon advice of her physician, had her teeth examined on May 26th, 1932, by Dr. Diana at New Britain, who took an X-ray of her mouth at that time and

mailed it to her on June 16th. On June 20th, the plaintiff entered the defendant's office in the Standard Building on Trumbull Street, Hartford, for the purpose of having four abscessed teeth extracted. The dispute between the parties arises as to what occurred after she entered his office. The plaintiff claimed that she presented to the defendant the X-ray plate taken by Dr. Diana which showed that four of her teeth were abscessed—the upper left central, upper left lateral, lower left first molar and upper right first bicuspid, and requested him to extract the teeth shown to be abscessed by the X-ray. On the other hand, the defendant denied that he had seen the X-ray plates until November, 1933, seventeen months after the extractions. He claimed that on June 20th, 1932, the plaintiff consulted him and advised him that she wanted four teeth extracted, that she pointed out the upper right central and upper right lateral, and stated that X-ray pictures had been taken by a New Britain doctor who had informed her which teeth were abscessed. Thereafter, the defendant removed the two front teeth indicated by the plaintiff together with the back teeth about which there is no dispute. The defendant was corroborated in his statement by the testimony of a dental hygienist from a nearby office, who was present at the time, and claimed to have seen the plaintiff point to the teeth which she desired to be extracted. The envelope in which the X-rays were mailed to the plaintiff, and which she claimed to have brought to the defendant with the X-rays enclosed, contained, in the left-hand corner, the inscription "Dr. H. F. Diana, 300 Main Street, New Britain." After the extraction, the defendant placed on his record card in his own handwriting, under the word "Reference," the words "Dr. H. F. Diana, New Britain."

. The plaintiff claims that the only possible inference is that she did have the X-rays with her when she entered the defendant's office, otherwise he would not have known the name and address of Dr. Diana, and that the defendant, therefore, incorrectly and negligently read the X-ray plates and extracted the two upper front teeth on the right side which were not abscessed, and failed to remove the two upper front teeth upon the left side which were shown to be abscessed on the X-ray plate. As against this claim was the direct testimony of the defendant that the X-ray plates taken by Dr. Diana were not shown to him before he made the extractions, which was corroborated by the dental hygienist who was present at the time. The defendant testified that he was acquainted with Dr. Diana, and this fact, together with information furnished by the plaintiff, could be fairly claimed to explain the entry upon the record card. It was, therefore, a question of fact for the jury's determination, whether the defendant was in possession of the X-ray plates at the time and therefore extracted the wrong teeth as shown thereby; or, on the other hand, removed those requested by the plaintiff. The verdict of the jury imports that the facts were found in accordance with the defendant's claim, and the conclusion of the trial court that the verdict must stand is not erroneous.

It is unquestioned on the evidence that the plaintiff's health did not materially improve after the removal of the four teeth; and that on November 21st, 1933, more than a year later, she went to a dentist and had the two left front teeth, which were abscessed, removed, subsequent to which her condition rapidly improved. In its instructions to the jury, the court stated: "The action is one for damages for . . . extracting two sound teeth of the plaintiff" instead of

"two abscessed teeth;" and, in another part, it stated that the third count was for a battery, that is, "the extracting of two teeth, the upper right central and upper right lateral, which were sound, without the plaintiff's consent." The plaintiff claims that this charge unfairly stated her case because it was admitted that the teeth removed were pyorrhetic and her chief complaint was the failure to remove the abscessed teeth which caused her illness to continue. An examination of the charge as a whole, however, shows that the court carefully explained to the jury the grounds upon which recovery was sought, and the jury could not have been misled by the remark of the court in the two isolated passages referred to. *Tappan* v. *Knox,* 115 Conn. 508, 511, 162 Atl. 7; *Ghent* v. *Stevens,* 114 Conn. 415, 419, 159 Atl. 94.

The plaintiff also claims prejudicial error with respect to another part of the court's instructions where, in stating the claims of the defendant, it said that the plaintiff "pointed out the four teeth in her mouth which she desired to have extracted and that these were the four teeth which the defendant did extract pursuant to her request and direction." The plaintiff claims that it was impossible for her to have pointed out the two back teeth and, therefore, the remarks of the court were erroneous and prejudicial. This claim is without merit as there was testimony to the effect that the plaintiff did point out the four teeth which she desired to have removed, although the defendant himself only mentioned having two front teeth pointed out to him.

In respect to the burden of proof, the court instructed the jury that "the plaintiff has the burden of proving her case, both as to liability and as to damages. That means that the burden rests upon the plaintiff to prove such issues by a fair preponderance

of the evidence, that is by the weightier or better evidence." The plaintiff assigns error in this instructon, claiming that since two witnesses testified in behalf of the defendant as against the testimony of the plaintiff, the jury should have been instructed, in addition, that a fair preponderance of the evidence does not mean the greater number of witnesses but the evidence of greater weight. The instruction as given was sufficient, especially as no request for additional or other instruction was made to the court by the plaintiff. "In civil causes it is utterly impracticable to require of the court any instruction to the jury as to the amount or degree of preponderance, and the law knows no degree in such case. The preponderance of course must be so manifest that the jury will be satisfied to found their verdict upon it. This will always be understood without special instructions." *Mead* v. *Husted,* 52 Conn. 53, 59; *Darrow* v. *Fleischner,* 117 Conn. 518, 521, 169 Atl. 197.

The appellant claims that the jury should have been informed that the defendant's failure to insist on seeing the X-rays was a factor for their consideration in determining whether, in fact, the X-rays were shown to him, the argument being that his failure to do so can be explained only on the theory that they were in his possession. The plaintiff submitted no request to charge and no duty rested upon the trial court to comment upon the weight or significance of a particular bit of the testimony. *Hart* v. *Knapp,* 76 Conn. 135, 137, 55 Atl. 1021.

There was evidence in the case that before she entered the defendant's office, the plaintiff had consulted with Dr. Bernert who had an office in the same building. In argument to the jury, the plaintiff referred to his absence and attempted to argue that the inference should be drawn by the jury that his testi-

mony would have been unfavorable to the defendant. The defendant objected to this line of argument and the court sustained the objection, and instructed the jury that in the absence of evidence that Dr. Bernert was available or that it was in the power of the defendant to produce him, the argument was improper and should be disregarded by them. This ruling was correct. When a witness is equally within the control of both parties and is not called, no presumption is raised that his testimony would have been unfavorable to either party. *Cullum* v. *Colwell,* 85 Conn. 459, 466, 83 Atl. 695; *Scovill* v. *Baldwin,* 27 Conn. 316, 318.

In argument to the jury, counsel for the defendant requested them to give particular consideration to the case as the defendant was a young man just starting on a promising career; and they should deliberate carefully before returning a verdict which might do him great harm. He also referred to the fact that one of the witnesses, Dr. Diana, was a friend of the family and probably did not charge the plaintiff very much, if anything, for his work; that another witness, Dr. Nassau, was related to her, and gave a reduced price for his services; that she was related to Aaron Nassau, associate counsel, and Mr. Rohrmayer would therefore probably be very reasonable in his fee; and that she had everything to gain and nothing to lose, while the defendant had everything to lose and nothing to gain. No exceptions were asked or noted with respect to any of this argument, and no objections before verdict were raised by the plaintiff to the action or inaction of the court. It appears from the record that the relationship between the plaintiff and the parties mentioned had been brought out without objection in the testimony. The claim of the plaintiff that the verdict should be set aside for prejudicial argument cannot be

sustained under such circumstances. *Miller v. Adkisson,* 112 Conn. 658, 661, 153 Atl. 774.

There is no error.

In this opinion the other judges concurred.