MARY E. BRODERICK v. ROBERT J. SHEA ET AL., EXECUTORS (ESTATE OF JEREMIAH J. BRODERICK)

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 6—decided July 10, 1956

*Abraham Zweigbaum,* for the appellant (plaintiff).

*Charles A. Watrous,* with whom was *Pasquale Pepe,* for the appellees (defendants).

WYNNE, J. The plaintiff brought this action to recover for services claimed to have been rendered the decedent. The action is based upon a claim filed against the estate of the late Father Jeremiah J. Broderick of Hartford. The plaintiff is the wife of the decedent's cousin and lived with her husband in New Haven. The complaint alleged an express promise by the decedent to pay the plaintiff, but at the trial she proceeded on the basis of an implied contract. The defendants are the executors of the will of the decedent. The court found all the issues for the defendants. From the judgment the plaintiff has appealed.

The plaintiff in her assignment of errors attacks certain of the court's findings of fact and its conclusions. She also claims that the court should have found, as set forth in her draft finding, that the decedent accepted the plaintiff's services. Such a fact was implicit in the court's finding as made.

The finding sets forth the following facts: The plaintiff, who knew Father Broderick for about forty-three years, lived with her husband in a second-floor apartment at 1341 Chapel Street in New Haven. Father Broderick first visited the plaintiff and her husband in 1942 and made many visits in the course of the next eleven years, sometimes staying for a night or two. He always had the use of the same bedroom, which the plaintiff furnished with linen and kept in order. When visiting at the plaintiff's home, he had meals there which were prepared by her. In 1951, he was ill and remained at the plain-

tiff's home for about two weeks. Over a few days in 1953, the plaintiff assisted him while he was ill and unable to walk. At times during 1953, she prepared food especially to suit his taste. In 1954, he came to her home after a hospital stay and remained from April until May. She prepared his food and took care of him. During the same year, following another hospital discharge, he remained at the plaintiff's home for about four or five days. On a few occasions when he was sick while at the plaintiff's apartment, she laundered his pajamas. Father Broderick died in Hartford on July 16, 1954. He left a will in which he bequeathed $1000 to the plaintiff's husband. At no time did the plaintiff reveal to the decedent that she expected to be paid for what she did for him.

The plaintiff's attack upon the finding amounts to nothing more than a request that we accept her version of the facts. It is for the trier to pass upon the credibility of witnesses. *Eastern Sportswear Co.* v. *S. Augstein & Co.*, 141 Conn. 420, 422, 106 A.2d 476; Maltbie, Conn. App. Proc., p. 122. This court cannot retry the case. *African Methodist Episcopal Church* v. *Jenkins*, 139 Conn. 418, 423, 94 A.2d 618. The trial court found that the testimony of the plaintiff and her witnesses was not credible.

One ruling on evidence is assigned as error. The plaintiff had testified that over the years she had rendered services to the decedent. She was called for redirect examination, and the following occurred: She was asked, "Mrs. Broderick, did you render the services to the late Father Broderick which you testified to yesterday hoping and expecting that at some time you were going to get paid for those services?" Over objection she answered that she did. The court ruled that the question was leading and ordered the answer stricken. The ruling was within

the court's discretion, and the question could have been reframed to avoid the objection that it was leading. *Hulk* v. *Aishberg*, 126 Conn. 360, 363, 11 A.2d 380. This was not done, and after the court explained the basis of its ruling, the plaintiff's counsel expressed himself as satisfied with the ruling.

The plaintiff claims that the court should not have commented in its memorandum of decision upon the failure of the plaintiff's husband to testify in her behalf. The plaintiff's husband was available as a witness and was one who in the normal course of events would be called by the plaintiff. Her failure to call him gave rise to a proper inference that his testimony would have been unfavorable to her. *Baker* v. *Paradiso*, 117 Conn. 539, 545, 169 A. 272.

On the facts found, the court was justified in reaching the conclusion that the plaintiff had failed to establish a case. The court's conclusions are tested by the finding. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation*, 142 Conn. 349, 358, 114 A.2d 216.

There is no error.

In this opinion the other judges concurred.