**UNITED STATES of America,
Appellee,**

v.

**Alex DIBRIZZI, Appellant.**

**No. 170, Docket 31405.**

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1967.

Decided April 26, 1968.

644

Elkan Abramowitz, Robert G. Morvillo, Otto G. Obermaier, Asst. U.S. Attys., Robert M. Morgenthau, U.S. Atty., for appellee.

Aaron Jaffe, Eugene Feldman, New York City, for appellant.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant seeks reversal of a judgment of conviction entered on April 21, 1967 in the United States District Court for the Southern District of New York after a trial before Weinfeld, J., and a jury. He was convicted of having embezzled and abstracted money between 1961 and 1965 in violation of 29 U.S.C. § 501(c) [1] from a labor organization, the Atlantic Coast District, a separate and financially independent subdivision of the International Longshoremen's Asso-

ciation, AFL-CIO, of which he was then General Vice President.

The indictment contained three counts and the jury found that appellant was guilty on all three. The first involved the sum of $1667.08, personal expenditures incurred during the winter months of 1961–1962 at Miami Beach, the second the sum of $1234.72, telephone bills incurred on a telephone not used in any way to further union activity, and the third the sum of $136.25, personal expenses charged on a Diners' Club Card. Appellant received sentences of one year of imprisonment on each count, the sentences to run concurrently, but execution of the prison term was suspended and appellant was placed on probation for two years. Additionally, a $500 fine was imposed on the first count. We affirm the judgment below.

Appellant contends that the Government did not prove the crimes charged because the evidence failed to establish the requisite criminal intent. Before a violation of 29 U.S.C. § 501(c) can be made out, it must be shown that the person charged with the violation has embezzled, stolen, or *unlawfully and wilfully* abstracted or converted to his own use or the use of another the funds of the union. Any doubt as to the wilful intent to commit the act is usually deemed to be a doubt for the jury to resolve. Morissette v. United States, 342 U.S. 246, 273–276, 72 S.Ct. 240, 96 L.Ed. 288 (1952); United States v. Harmon, 339 F.2d 354 (6 Cir. 1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1025, 13 L.Ed.2d 963 (1965); Doyle v. United States, 318 F. 2d 419 (8 Cir. 1963). Direct proof that acts are done unlawfully and wilfully is not always necessary for such may often be inferred from the very fact that the acts constituting the crime have been committed. Too, the inferences may arise from a combination of acts, even

1. 29 U.S.C. § 501(c) reads as follows:
   Embezzlement of assets; penalty
   (c) Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities,

property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

though each act standing by itself may seem to be unimportant. Doyle v. United States, supra.

Here, appellant maintains that the expense items for which the Government showed the union was billed and which the union paid were authorized and adopted by it with knowledge of all the facts and without any fraudulent misrepresentations having been made by him. However, the Government adduced at the trial enough evidence from which the jury could have found beyond a reasonable doubt that the items were personal non-business expenses and in no way incurred in furtherance of the union's business. Therefore, the jury could reasonably have inferred, in turn, that appellant intended to receive and knew he was receiving union funds for purely personal expenses. Thus, viewing the evidence, as we must, most favorably to the Government, Colella v. United States, 360 F.2d 792, 802 (1 Cir.), cert. denied, 385 U.S. 829, 87 S.Ct. 65, 17 L.Ed.2d 65 (1966); United States v. Quagliato, 343 F.2d 533 (7 Cir.), cert. denied, 381 U.S. 938, 85 S.Ct. 1771, 14 L.Ed.2d 702 (1965); Gentsil v. United States, 326 F.2d 243 (1 Cir.), cert. denied, 377 U.S. 916, 84 S.Ct. 1179, 12 L.Ed.2d 185 (1964), it appears to us that the jury quite reasonably drew the inference that this intelligent appellant was acting wilfully. Even if appellant may have established that his expenses were, as he claims, authorized and adopted by the union, such does not absolve him of his crimes; the reach of § 501 (c) is not limited to union officers who engage in stealthy larcenies or devious embezzlements but extends to an officer who "unlawfully and wilfully abstracts or converts to his own use" the funds of a labor organization. When one sends the union a voucher known to be an improper one, and then receives payment of the voucher, the crime is completed. See Morissette v. United States, supra, 342 U.S. at 271–273, 72 S.Ct. 240, 96 L.Ed. 288; Brown v. Bullock, 294 F.2d 415, 419–420 (2 Cir. 1961).

Appellant also contends that reversible error was committed because of certain actions of the prosecutor during the trial. Appellant lists some allegedly prejudicial questions put to appellant's character witnesses upon cross-examination; alleged misstatements of fact by the prosecutor in his summation to the jury; comment by the prosecutor in summation upon the fact that appellant had failed to call a key witness, that witness having been equally available to both parties; and the prosecutor's statement during his summation that "With respect to character witnesses, I am not going to tell you whatever information I myself possess."

The scope of the Government's cross-examination of defense character witnesses is determined by the trial court as a matter of discretion, and the trial court's rulings should be disturbed only "on clear showing of prejudicial abuse of discretion." Michelson v. United States, 335 U.S. 469, 480, 69 S.Ct. 213, 221, 93 L.Ed. 168 (1948); United States v. Giddins, 273 F.2d 843, 845 (2 Cir.), cert. denied, 362 U.S. 971, 80 S.Ct. 955, 4 L.Ed.2d 900 (1960). We cannot say there was such prejudice here. The questions asked were directed to the witnesses' knowledge of defendant's reputation in the community. By putting in issue his good reputation, defendant opened the door for the cross-examiner. See Michelson v. United States, supra; United States v. Giddins, supra. Moreover, the trial court, prior to the cross-examination of the character witnesses, took care to avoid extreme prejudice by ascertaining exactly what the Government intended to ask on cross and by prohibiting the prosecutor from following with one of the witnesses a line of questioning deemed to lead too far afield. Compare Michelson v. United States, supra 355 U.S. at 481, 69 S.Ct. 213, 93 L.Ed. 168.

The contentions regarding the prosecutor's summation are doubly without merit. First of all, appellant raised no objections to the summation

at trial. Except for flagrant abuse, not present here, this is enough to preclude him from raising the contentions on appeal. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 238–239, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); United States v. Murphy, 374 F.2d 651, 655 (2 Cir. 1967); United States v. Aadal, 368 F.2d 962, 965 (2 Cir. 1966), cert. denied, 386 U.S. 970, 87 S.Ct. 1161, 18 L.Ed.2d 130 (1967); United States v. DeAlesandro, 361 F.2d 694, 697 (2 Cir.), cert. denied, 385 U.S. 842, 87 S.Ct. 94, 17 L. Ed.2d 74 (1966); United States v. Johnson, 331 F.2d 281, 282 (2 Cir.), cert. denied sub nom. Pheribo v. United States, 379 U.S. 905, 85 S.Ct. 196, 13 L.Ed.2d 178 (1964). Moreover, we would reach the same result even were the objections timely raised. What appellant characterizes as misstatements of fact are really inferences drawn by the prosecutor from the evidence adduced at trial, albeit inferences differing from those which defense counsel would have drawn from the same evidence. Within broad limits, counsel for both sides are entitled to argue the inferences which they wish the jury to draw from the evidence. United States v. De Fillo, 257 F.2d 835, 840 (2 Cir. 1958), cert. denied, 359 U.S. 915, 79 S.Ct. 591, 3 L.Ed.2d 577 (1959); United States v. Nunan, 236 F.2d 576, 588–589 (2 Cir. 1956), cert. denied, 353 U.S. 912, 77 S.Ct. 661, 1 L.Ed.2d 665 (1957). As to whether it is permissible to draw any inference at all from a party's failure to call a certain witness when that witness is equally available to both parties there is indeed a split of authority. See, e. g., Johnson v. United States, 291 F.2d 150, 154–155 (8 Cir. 1961) (no inference); McClanahan v. United States, 230 F.2d 919, 925 (5 Cir.), cert. denied, 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 47 (1956) (no inference); United States v. Jackson, 257 F.2d 41, 43–44 (3 Cir. 1958) (inference). However, the better rule, see 2 Wigmore, Evidence 169–171 (3d ed. 1964 Supp.); McCormick, Evidence 534 (1954), is the rule in this circuit, United States v. Llamas, 280 F.2d 392, 393–394 (2 Cir. 1960); United States v.

D'Ercole, 225 F.2d 611, 614 (2 Cir. 1955); United States v. Beekman, 155 F.2d 580, 584 (2 Cir. 1946); United States v. Cotter, 60 F.2d 689, 691–692 (2 Cir.), cert. denied, 287 U.S. 666, 53 S.Ct. 291, 77 L. Ed. 575 (1932), namely, that the failure to produce such a witness is open to an inference against either party. Finally, the quoted statement by the prosecutor, when read in context, appears to be quite innocuous. It is clear to us that the prosecutor was merely contrasting his summation, in which he claimed to be citing only evidence adduced at trial, to the preceding arguments made in defense counsel's summation, in which there had been several references to items not in evidence. Under the circumstances there was no plain error here affecting appellant's substantial rights.

Affirmed.