STATE OF CONNECTICUT *v.* JAMES KINSEY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued May 5—decision released August 2, 1977

*John R. Williams,* special public defender, for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John T. Redway,* assistant state's attorney, for the appellee (state).

BOGDANSKI, J.   The defendant was charged in an information with the sale of narcotics in violation of § 19-480 (a) of the General Statutes and found guilty on a trial to a jury.   He appealed from the judgment rendered on the verdict and briefed the following issues:   (1) error in the denial of his motion to suppress, (2) error in certain rulings on evidence, and (3) error in permitting certain arguments to the jury.

Evidence was submitted at the trial from which the jury could have found the following facts:   In the afternoon of June 9, 1971, Officer Michael DiLullo, a police undercover agent, was approached by an individual known to him from "street intelligence" as Willie Tripp.   That individual offered to sell him heroin, and the sale was made.   After the sale, Officer DiLullo returned to headquarters and viewed an array of photographs.   From that array, he selected a photo of the defendant as the individual who had sold him the heroin.   A warrant was subsequently issued for the arrest of James Kinsey a/k/a Willie Tripp.   When the defendant

learned of the warrant, he appeared at police head-quarters, denied any participation in the sale, and claimed that the officer erred in identifying him. He informed the police of the existence of a cousin of his by the name of Willie Tripp, who resembles him, and who had been involved with narcotics. Although Willie Tripp was later arrested on other charges, he was never seen by Officer DiLullo.

The defendant claims that the testimony of Officer DiLullo with respect to the photographic identification should not have been admitted into evidence because that identification was impermissibly tainted by the procedure used. He also claims that no independent basis for the subsequent in-court identification was ever established. The court held a hearing on the motion to suppress. It found that the photographic identification procedure was not impermissibly suggestive. The court also found that the in-court identification of the defendant was independent of the photographic identification.

On a motion to suppress, the moving party has "the initial burden . . . of proving to the satisfaction of the trial court that the photographic identification was [in some manner] unconstitutional." *State* v. *Hafner,* 168 Conn. 230, 235, 362 A.2d 925. Although such an identification procedure is not inherently suspect, any improper elements in the procedure may make it "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons* v. *United States,* 390 U.S. 377, 384, 88 S. Ct. 967, 19 L. Ed. 2d 1247. The totality of surrounding circumstances must be examined to determine whether a defendant has established that the proceeding was impermissibly suggestive. Furthermore, evidence

relating to a pretrial identification may be admissible at trial despite an unnecessarily suggestive procedure if, on the entire factual situation, the identification itself was reliable. *Manson* v. *Brathwaite,* 432 U.S. 98, 97 S. Ct. 2243, 53 L. Ed. 2d 140; *Neil* v. *Biggers,* 409 U.S. 188, 199, 93 S. Ct. 375, 34 L. Ed. 2d 401; *State* v. *Hafner,* supra, 236, 241.

In this case, the photographs used in the out-of-court identification procedure were not preserved. A record, however, was kept by the police of the identification numbers of the individuals whose photographs were shown to Officer DiLullo. Photographs of those same individuals were then introduced at the hearing to suppress. They consisted of bust photos of individuals of approximately the same size, age and build as the defendant. Testimony was offered that the photos were not presented in any suggestive manner and that the officer identified the defendant without hesitation. No evidence was offered to show that any particular photograph was singled out or that the police did anything to influence the selection of the defendant's photograph. In view of those circumstances, the court did not err in denying the motion to suppress. See *Manson* v. *Brathwaite,* supra.

The defendant next claims that the trial court denied him due process of law by excluding testimony that suggested that an individual other than the defendant had committed the crime.[1] Ordinarily,

---

[1] The defendant offered evidence of the involvement of the defendant's cousin, Willie Tripp, in the sale of narcotics; of the lifestyles of narcotics dealers; and of the defendant's lifestyle as being different from that of narcotics dealers. Although the court initially excluded that testimony, the evidence was later admitted. Error cannot be predicated on the court's exclusion of evidence which is later admitted. *Gillette* v. *Schroeder,* 133 Conn. 682, 685, 54 A.2d 498.

evidence concerning a third party's involvement is not admissible until there is some evidence which directly connects that third party with the crime. *State* v. *Perelli,* 125 Conn. 321, 328, 5 A.2d 705. The defendant was unable to show that Willie Tripp was in the state at the time of the alleged offense or that he was selling narcotics at or about that time. The defendant did, however, offer evidence to show Willie Tripp's heroin addiction which evidence the court ruled out as remote. It is within the trial court's discretion to determine whether evidence offered is remote or relevant. *State* v. *Brathwaite,* 164 Conn. 617, 619, 325 A.2d 284. We find no abuse of discretion and no error in the trial court's other rulings on evidence.

The defendant's final claim is that he was denied due process by the action of the court in permitting the state's attorney to make improper comments to the jury. He contends that the prosecutor was permitted to express a personal opinion as to the defendant's guilt; to comment on the defendant's sexual lifestyle; to comment as to possible pressure exerted upon the alibi witness; and to comment on the defendant's failure to call Willie Tripp as a witness.

In argument before the jury, counsel may comment upon facts properly in evidence and upon reasonable inferences drawn therefrom. *United States* v. *Dibrizzi,* 393 F.2d 642 (2d Cir.); *State* v. *Evans,* 165 Conn. 61, 71, 327 A.2d 576. Comments to the jury will not constitute error unless they are prejudicial and deprive the defendant of a fair trial. *Donnelly* v. *DeChristoforo,* 416 U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431. Moreover, the comments must be viewed in the context of the entire

trial. *United States* v. *Phillips,* 482 F.2d 191 (8th Cir.), cert. denied, 414 U.S. 1114, 94 S. Ct. 846, 38 L. Ed. 2d 741.

An examination of the record reveals that it was the defendant himself who introduced evidence as to his lifestyle, as to the alibi witness, and as to the evidence concerning Willie Tripp. Having introduced evidence which invited these comments, the defendant is in no position to complain. Furthermore, the trial court's instructions to the jury negated any prejudice from those comments.

There is no error.

In this opinion HOUSE, C. J., LONGO and SPEZIALE, Js., concurred.

LOISELLE, J. (concurring). While I concur in finding no ground to set aside this judgment, I feel that the court should have sustained the defendant's objections to the state's attorney's comments to the jury concerning the defendant's failure to produce Willie Tripp as a witness.

Although the state's attorney did not spell it out, it is clear that his comments were designed to persuade the jury to draw an inference that the defendant did not produce Willie Tripp because so doing would have hurt, rather than helped, his defense. The fact that the argument was not spelled out does not make it proper. In *Sickmund* v. *Connecticut Co.,* 122 Conn. 375, 383, 189 A. 876, a party presented evidence that the other party had learned of certain evidence and failed to produce it at the trial. The court stated that it was clear that the party "sought by this method to raise an inference unfavorable to the defendant," and that, because the inference was not permissible, it was error to admit the evidence.

There is a substantial body of law in this state concerning the circumstances under which a fact-finder may draw an unfavorable inference from the failure of a party to call a witness. See, e.g., *Maciejewska* v. *Lombard Bros., Inc.,* 171 Conn. 35, 43, 368 A.2d 206; *Broderick* v. *Shea,* 143 Conn. 590, 593, 124 A.2d 229; *Cullum* v. *Colwell,* 85 Conn. 459, 466, 83 A. 695; *Scovill* v. *Baldwin,* 27 Conn. 316, 318.

The rule is that the party seeking the benefit of the inference bears the burden of proving that the witness is available and within the other party's power to produce. *Queen* v. *Gagliola,* 162 Conn. 164, 169, 292 A.2d 890. This the state did not do in this case, at least as it appears in the record. Although the law is often discussed in the context of errors in the jury charge; see, e.g., *Maciejewska* v. *Lombard Bros., Inc.,* supra; *Cullum* v. *Colwell,* supra; the purpose of the charge is merely to tell the jury what the law is on this matter; the law applies equally to inferences which a jury is permitted to draw, without any suggestion by court or counsel; *Lemmon* v. *Paterson Construction Co.,* 137 Conn. 158, 163, 75 A.2d 385; and to suggestions made by counsel. *Fierberg* v. *Whitcomb,* 119 Conn. 390, 397, 177 A. 135 (the court correctly sustained an objection to argument concerning the inference when it could not properly be drawn, and then instructed the jury properly); *Turner* v. *Scanlon,* 146 Conn. 149, 161, 148 A.2d 334 (when both parties claimed the inference in argument, "the trial court was required to charge upon the matter"); accord, McCormick, Evidence (2d Ed.) § 272, p. 659 ("Most of the courts, moreover, whether or not they customarily include in their instructions a charge . . . assume that they are required to keep a firm rein upon arguments on this inference.")

In *State* v. *Ferrone,* 96 Conn. 160, 169, 113 A. 452, this court stated: "While the privilege of counsel in addressing the jury should not be too closely narrowed or unduly hampered, it must never be used as a license to state, or to comment upon, or to suggest an inference from, facts not in evidence, or to present matters which the jury have no right to consider." That was precisely what the state's attorney did in this case.

I am persuaded, however, that the error was not harmful when viewed in the context of the whole trial. The defendant was permitted to introduce evidence showing that he had assisted the police in locating Tripp, for whom a warrant had been issued. He also showed that although the police arrested Tripp, the undercover agent did not take the opportunity to look at Tripp to see if he could be the person to whom he made the sale. Further, the court, in responding to a defense objection to the comments of the state's attorney, did charge the jury that "there is no burden upon a defendant to prove his innocence. The whole burden is upon the state. That remains true, of course, throughout the trial. However, argument which calls upon your human experience is allowable, so I will charge the jury once again there is no burden upon the defendant." Although there is a distinction between argument on the burden of proof and the right to an inference based on failure to call a witness; see *State* v. *Brown,* 169 Conn. 692, 706, 364 A.2d 186; the statements made in argument, viewed in the context of the charge and evidence presented by the defense, were not so prejudicial as to deprive the defendant of his right to a fair trial and due process of law.