STATE OF CONNECTICUT *v.* CARL DAVIS

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued April 4—decision released May 30, 1978

*George N. Thim,* assistant public defender, with whom, on the brief, was *Herbert J. Bundock,* for the appellant (defendant).

*Donald A. Browne,* state's attorney, for the appellee (state).

BOGDANSKI, J.  The defendant was charged in an information with the crime of robbery in the first degree, in that while in the course of that robbery he was armed with a deadly weapon, in violation of § 53a-134 (a) (2) of the General Statutes.  From the judgment rendered on a verdict of guilty he took this appeal and raised the following issues: (1) error in the admission of photographic identification evidence, (2) error in the admission of certain seized evidence, and (3) error in the denial of his motion to set aside the verdict.  We note at the outset that the ruling on the motion to suppress the seized evidence was recently reviewed and affirmed by this court in the appeal of Davis' codefendant, Roland Hoffler.  See *State* v. *Hoffler,* 174 Conn. 452, 460–61, 389 A.2d 1257.

One of the issues summarily considered in *Hoffler* requires amplification.  At the hearing on the motion to suppress, Davis requested the court, pursuant to § 533P of the 1963 Practice Book,[1] to order

---

[1] Secs. 468 to 546, inclusive, comprising the rules of criminal procedure for the superior court were repealed as of October 1, 1976, except that they remain applicable to proceedings in which an arrest was made or summons was issued prior to that date.

the state to provide him with a copy of a witness' police report. The state's objection was sustained. Davis claimed error in the court's refusal to order the production of the report. Section 533P of the 1963 Practice Book must be read with § 533N. Section 533N specifically limits the availability of such a statement "until the witness has testified upon direct examination on the *trial* of the case." (Emphasis added.) The trial court did not err in sustaining the objection.

Evidence was submitted at the trial from which the jury could have found the following facts: On June 30, 1975, two men entered Rick's Liquor Store in Stamford and asked to purchase a bottle of liquor and some soda. After the proprietor, Americo Sciarabba, had waited on them, the two men produced pistols and demanded money. Sciarabba took the money from the cash register and placed it in a brown paper bag. A quantity of loose change from under the counter and money from his wallet was also placed in the same bag. The men then forced Sciarabba into a back room where they bound him and took his store keys. Unaware of what had occurred, a witness, Daniel Brown, entered the store while the men were still there. After the men left, Brown called out to Sciarabba who responded from the rear room. Brown then freed Sciarabba.

After the arrest of the defendant and Hoffler, Sciarabba and Brown were separately shown a group of eight photographs by the police. Each, without hesitation, selected two photos from the photographic array as those of the defendant and Hoffler.

At the trial, the defendant moved to suppress the in-court identification testimony of Sciarabba and Brown on the ground that the photographic identification procedure was impermissibly suggestive and that it contaminated the in-court identification. The court denied the motion and found that the photographic procedure was not illegally suggestive and that it could not taint the in-court identification.

The court made a finding concerning the motion to suppress. The defendant attacked the finding assigning error in the refusal of the court to find certain facts claimed to have been admitted, in finding facts without evidence, and in reaching conclusions without support in the evidence. We conclude that the facts which the defendant seeks to have added are not material facts and could not affect the result. No additions, therefore, can be made. *Rushchak* v. *West Haven,* 167 Conn. 564, 566, 356 A.2d 104. Moreover, because the challenged findings can be supported by the evidence and by reasonable inferences therefrom, the claim that those facts were found without evidence must be rejected. *Schurgast* v. *Schumann,* 156 Conn. 471, 475, 242 A.2d 695.

We now consider the claimed error directed at the court's conclusion as to the photographic identification procedure. On a motion to suppress, the moving party has the initial burden of showing that the procedure was impermissibly suggestive. *State* v. *Kinsey,* 173 Conn. 344, 346, 377 A.2d 1095; *State* v. *Hafner,* 168 Conn. 230, 235, 362 A.2d 925. Such a motion involves a two-pronged inquiry: (1) whether the identification procedure was impermissibly suggestive and (2) whether it was likely to result in misidentification which would require

the rejection of the in-court identification. *Manson v. Brathwaite,* 432 U.S. 98, 113, 97 S. Ct. 2243, 53 L. Ed. 2d 140; *Simmons* v. *United States,* 390 U.S. 377, 384, 88 S. Ct. 967, 19 L. Ed. 2d 1247; *State* v. *Smith,* 165 Conn. 680, 684, 345 A.2d 41.

The defendant claims that the photographic procedure was improper on the ground that his photo stood out from the others because of its darker background and because of its different border size. The witness Brown, however, testified that he did not recall any difference in size or background of the photos shown to him.[2] The record reveals that there was evidence that Brown and Sciarabba viewed the photographs separately, Brown within twenty-four hours of the crime, and Sciarabba within forty-eight hours. The photographs were color prints of black males of the same age group. There was no evidence that the officer showing the photographs made any suggestions to the witnesses. The officer simply handed the group of photographs to them for inspection. Each examined the photographs separately and each promptly selected the photograph of the defendant and the codefendant Hoffler. Even if the differences were as claimed by the defendant, those differences would not, in and of themselves, make the photographs impermissibly suggestive. See *United States* v. *Lincoln,* 494 F.2d 833, 839 (9th Cir. 1974); *United States* v. *Bell,* 457 F.2d 1231, 1235 (5th Cir. 1972); *United States* v. *Cunningham,* 423 F.2d 1269, 1272 (4th Cir. 1970).

The robbery took place in a well lighted store. The alleged perpetrators wore no masks. The victim, Sciarabba, was in their presence for approximately fifteen minutes and in close proximity to

---

[2] The photographs are not part of the record or exhibits before us.

them. The witness Brown observed the men for about five minutes after he had entered the store. Both witnesses were able to describe with reasonable accuracy the appearance and dress of the men to the police after the crime. In the light of that evidence, the in-court identification was reliable. See *Neil* v. *Biggers,* 409 U.S. 188, 199, 93 S. Ct. 375, 34 L. Ed. 2d 401. We conclude that the court did not err in finding the photographic procedure not illegally suggestive and that it could not adversely affect the in-court identification.

There is no need to discuss the motion to set aside the verdict in detail. The record discloses overwhelming evidence of guilt. We affirm the action of the court in finding that the verdict was neither contrary to the law nor against the evidence.

There is no error.

In this opinion the other judges concurred.