After a trial, a jury found the defendant guilty of making a false statement to a public officer in violation of General Statutes53a-157 (a).[1] The defendant has appealed from his conviction claiming: (1) that there was not sufficient evidence to find that the defendant had the requisite intent and knowledge of falseness as required by the statute; (2) that the court erred in failing to grant a mistrial for prosecutorial misconduct; (3) that the court erred in that portion of its charge to the jury explaining inference; (4) that the court erred on three evidentiary rulings which allowed prejudicial testimony to be given to the jury; (5) that the court erred in failing to instruct the jury not to speculate that certain witnesses were guilty of arson and that the defendant had the requisite statutory intent, thereby requiring the defendant to request the instruction in a fashion highlighting these issues; and (6) that the defendant was denied a fair trial in violation of his due process rights under thefourteenth amendment to the United States constitution.
The relevant facts are as follows: Property at 848 Congress Avenue in New Haven, owned by the defendant, was the site of an alleged arson. The police suspected that Judson Brown, a live-in companion of Ophelia Holmes and a business associate of the defendant, set fire to the property. In the course of the police investigation into the arson, the defendant was asked *Page 697 
if he had any business dealings with Ophelia Holmes involving 848 Congress Avenue. The defendant stated that he did not and signed, under oath, a transcript of his recorded statement to that effect. Examination of the land records, however, showed that the defendant had transferred a half interest in 848 Congress Avenue to Ophelia Holmes in 1978 and that she had later transferred the property back to the defendant. The defendant's sworn statement is the basis of his conviction for violating 53a-157 (a).
 I
The defendant's first claim is that there was not sufficient evidence for the jury to find either the requisite intent or knowledge of falseness. To convict the defendant, the jury had to find that the defendant made a false statement under oath, that he knew the statement to be false when he made it and that he intended to mislead a public servant in the performance of his official functions. General Statutes 53a-157 (a).
Evidence was presented to the jury to establish that the defendant swore that he did not have business dealings with Ophelia Holmes involving the property at 848 Congress Avenue when in fact he did; that the defendant was an acquaintance of and had business dealings with Ophelia Holmes and Judson Brown, both of whom were under arrest in connection with the arson burning of other properties, a fact which was known to the defendant; and that the defendant's sworn statement was made to a peace officer who was conducting an investigation into the alleged arson at the defendant's property at 848 Congress Avenue. The jury also had before it the testimony of the defendant that his statement denying business dealings with Ophelia Holmes concerning the Congress Avenue property was made as a result of his faulty memory and confusion.
The jury rejected the claim of the defendant and believed the proposition of the state that the defendant knowingly and intentionally swore to a false statement *Page 698 
made to a public servant in the performance of his official duty. The facts presented to the jury could reasonably lead it to conclude that which it did. We as an appellate court cannot retry the facts or pass upon the credibility of the witnesses. State v. Penland, 174 Conn. 153,158, 384 A.2d 356, cert. denied, 436 U.S. 906,98 S.Ct. 2237, 56 L.Ed.2d 404 (1978); State v. Cordova,38 Conn. Sup. 377, 384, 448 A.2d 848 (1982).
 II
The defendant claims that prosecutorial misconduct resulted in the presentation of highly prejudicial statements to the jury without any support in the evidence and deprived him of his constitutional right to a fair trial. State v. Evans, 165 Conn. 61, 70, 327 A.2d 576 (1973).
The specific acts of misconduct claimed are encompassed in the general allegation that "the prosecution's presentation was designed to prejudice the defendant and to induce and encourage speculation." The defendant alleges that the many references by the prosecution to the fire at Congress Avenue as being an arson were prejudicial. There are in the transcript many references by the assistant state's attorney that the Congress Avenue fire was caused by arson. The police had listed the fire as an arson and were investigating it as such. The offense alleged to have been committed by the defendant took place during an arson investigation. The circumstances under which the defendant's statement was given were relevant and evidence presenting these circumstances was properly admitted. A review of the record does not reveal that the references to the fire at Congress Avenue as an act of arson were so prejudicial that the defendant was deprived of his right to a fair trial because of prosecutorial misconduct.[2] State v. Kinsey,173 Conn. 344 348, 377 A.2d 1095 (1977). *Page 699 
 III
The defendant's third claim is that the court erred in its charge to the jury explaining inference. He argues that the example given by the court was so misleading as to confuse the jury and lead them to speculate rather than to infer.[3]
The purpose of a charge is to call to the attention of the members of a jury, unfamiliar with legal distinctions, whatever is necessary and proper to guide them to a right decision in a particular case. Phoenix Mutual Life Ins. Co. v. Brenckman, 148 Conn. 391, 397, 171 A.2d 194
(1961). The present case required the jury to draw inferences regarding the defendant's intent. The distinction, therefore, between inferences and speculation was a significant concept for the jury to understand. The example given in the charge, if it were the only reference to inference, may not have provided the jury with an adequate warning as to the use of speculation. The charge to a jury, as it appears on the record, must, however, be read as a whole. Novella v. Hartford Accident 
Indemnity Co., 163 Conn. 552, 570, 316 A.2d 394
(1972). A review of the instructions to the jury clearly shows that the court gave several warnings about speculation.[4] *Page 700 
The example given, read in the context of the entire charge, was not such as to mislead the jury. The instructions are adequate if they give the jury a clear understanding of the issues and proper guidance in determining those issues. State v. Mason, 186 Conn. 574, 586, 442 A.2d 1335
(1982); State v. Alterio, 154 Conn. 23, 27,220 A.2d 451 (1966). We find no error in the instructions given to the jury.
 IV
The defendant's fourth claim is that the court made several errors in ruling on the admissibility of evidence. In order to establish its case against the defendant, the state had to prove that the defendant intended to mislead a public servant in the performance of his official functions. General Statutes 53a-157 (a). Intent is generally shown through circumstantial evidence. State v. Avila, 166 Conn. 569, 577, 353 A.2d 776 (1974).
"Circumstantial evidence involves the offering of evidence of facts from which the trier is asked to infer the existence of, and, so, to find proven, another fact or facts." Hennessey v. Hennessey, 145 Conn. 211, 214, 140 A.2d 473
(1958); Holden Daly, Connecticut Evidence 64 (b). To be admissible, circumstantial evidence must be a direct statement of a relevant fact. State v. Rome, 64 Conn. 329, 334, 30 A. 57 (1894); see Holden Daly, Connecticut Evidence 64(b). There is no precise and universal test of relevancy; if the *Page 701 
evidence offered conduces in any reasonable degree to establish the probability or improbability of a fact in controversy, it should be admitted. State v. Briggs, 179 Conn. 328, 332, 426 A.2d 298
(1979), cert. denied, 447 U.S. 912,100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); see Holden Daly, Connecticut Evidence 67(b).
The alleged offense in this matter involves a false statement by the defendant in an arson investigation. The false statement concerns the defendant's business dealings with the live-in companion of the suspect in the arson of the defendant's property. Testimony showing that Judson Brown was a suspect in the burning of the Congress Avenue property and his relationship with Ophelia Holmes and the defendant could enlighten the jury as to the intent of the defendant and is therefore relevant.
We do not agree with the defendant's argument that the court erred in allowing evidence to be introduced to show a pattern between repairs to property and fires subsequently set in the repaired property. The prosecutor asked the investigating officer a question directed to that point.[5]The defendant objected to the question. Although the court overruled the objection, the prosecutor did not repeat the question. We are not convinced that that testimony, since it was not pursued, resulted in any significant prejudice to the defendant which would result in depriving him of a fair trial. State v. Hafner, 168 Conn. 230,246, 362 A.2d 925, cert. denied, 423 U.S. 851,96 S.Ct. 95, 46 L.Ed.2d 74 (1975).
The defendant further claims that it was error to allow testimony of the fact that Judson Brown and Ophelia Holmes had been arrested in the past for arson. *Page 702 
A review of the transcript reveals that the defendant introduced into evidence the investigating officer's affidavit in connection with the arrest warrant he prepared in this case. Information in that affidavit stated that Judson Brown and Ophelia Holmes had been arrested for an arson fire other than the one under investigation. Later, upon questioning by the prosecutor, that information was read by the investigating officer to the jury without objection by the defendant. The defendant cannot rely upon the admission of evidence which he himself introduced as a basis for a reversal of his conviction. State v. Kinsey,173 Conn. 344, 349, 377 A.2d 1095 (1977).
 V
The defendant next claims that the court erred in refusing to instruct the jury not to speculate that Judson Brown and Ophelia Holmes were guilty of arson. The court's instructions warning the jury against speculation and restricting them to consideration of only the facts presented are fully discussed above.[6] Highlighting the arrest of Brown and Holmes by an instruction to the jury not to speculate as to whether Brown and Holmes were guilty of arson may have been prejudicial to the defendant. We find no error in the court's rejection of the defendant's request for such an instruction.
The defendant's additional argument that he was prejudiced by a statement of a fact not in evidence, made by the prosecutor in her summation to the jury, is not persuasive. The prosecutor stated that the defendant's insurance claim had not been paid although that fact was not in evidence. The court specifically corrected that misstatement by the prosecution and clearly informed the jury not to consider it. Comments to the jury will not constitute error unless they are prejudicial and deprive the defendant of a fair trial. State v. Kinsey, *Page 703 
supra, 348. In view of the court's corrective instruction to the jury, the prosecutor's statement was not sufficient to deprive the defendant of a fair trial.
 VI
The final argument of the defendant is that cumulatively the issues presented above demonstrate a violation of his right to due process in that he did not receive a fair trial. We agree that a sum can, on occasion, exceed the total of the parts; after a careful review of the record and of the arguments presented, however, we cannot agree that this case is an example of that concept.
 There is no error.
In this opinion DALY and COVELLO, Js., concurred.