STATE OF CONNECTICUT *v.* MARK HAMEL
(6132)

DALY, BIELUCH and FOTI, Js.

Argued February 17—decision released April 5, 1988

*Nancy Aldrich,* special public defender, for the appellant (defendant).

*Timothy Sugrue,* deputy assistant state's attorney with whom were *James G. Clark,* assistant state's attorney, and *Warren Murray,* deputy assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, after a jury trial, of breach of peace in violation of General Statutes § 53a-181. The sole issue on appeal is whether the court erred in denying the defendant's motion for a mistrial because of improper comments made by the state's attorney in closing argument. We find no error.

From the evidence presented, the jury could reasonably have found the following facts. On January 17, 1986,

at approximately 2:45 p.m., the defendant drove his automobile, at a high rate of speed, into the parking lot of his employer. As a result a fellow employee began to yell and swear at the defendant. The defendant brought his automobile to a stop and an argument ensued between the two men. When the fellow employee approached the defendant with a conduit pipe, the defendant took out a handgun and pointed it in the general direction of the other man.

The defendant was arrested and charged with reckless endangerment in violation of General Statutes § 53a-64, threatening in violation of General Statutes § 53a-62, and breach of peace.

During closing argument, the prosecuting attorney told the jury that reckless endangerment was "a class D misdemeanor"; that breach of peace was "a class B misdemeanor" which he believed to be "the second smallest crime one can be charged with in the State of Connecticut" and that the charges "fit." He stated: "They're not exorbitant charges . . . They're not these gargantuan crimes. They're misdemeanors, B misdemeanors." He also told the jury that threatening was "a little bit more serious. It's a class A misdemeanor." The defendant made no contemporaneous objection, but moved for a mistrial after the noon recess and before the jury was instructed. His request was denied and the trial court gave a curative instruction.[1]

---

[1] The court's instruction provided: "I should add that you should have no concern whatsoever with the punishment to be inflicted in the event of conviction. That is a matter exclusively within the province of the court under the limitations imposed by the statute and no responsibility is imposed upon you for that.

"Now during the course of the state's arguments to you, he made reference to the fact that these charges were misdemeanors and that they were, I think he conveyed to you the thought that they were not necessarily of a serious nature, at least not in the scheme of criminal things, criminal charges. However, I would impress upon you that the nature of the charges,

The jury found the defendant not guilty of reckless endangerment and threatening, but guilty on the count of breach of peace.

Improper comments by a prosecutor fall into one of three categories: those whose effects may be removed by a curative instruction; those which are so flagrant as to deny the accused a fair trial; and those deliberately intended to undermine the rulings of the trial court to the prejudice of the defendant. *State* v. *Reid,* 193 Conn. 646, 665, 480 A.2d 463 (1984).

The defendant concedes that the improper comments were not made for the purpose of undermining the rulings of the court, and, therefore do not fall within the third category. Thus, the sole remaining questions are whether the remarks were so flagrant as to deny the accused a fair trial and whether the court's instruction was adequate to cure any prejudice caused by the prosecutor's comments. The defendant argues that although the curative instruction was appropriate, in that it was not defective or incomplete; *State* v. *Ubaldi,* 190 Conn. 559, 563, 462 A.2d 1001, cert. denied, 426 U.S. 1001,

---

in other words the designation of the charges is of no consequence to you. Any crime against the State of Connecticut, if it's found to be proven, is of a serious nature. The degree of it is something, a different question which is not within your realm to determine. So you are not to consider guilt or innocence based on the so-called seriousness of the crime. It has no bearing on the facts of the case or the elements constituting the crime and they should have no part in your deliberations, so I would ask you to disregard those comments that were made by counsel relating to the types of crimes they were, the designation of them as being misdemeanors. They certainly are important to the state and they certainly are important to the defendant, regardless of the seriousness or nonseriousness, for lack of better terms, of the particular crimes charged.

"Now you are, of course, to find the fact of guilt or innocence uninfluenced by the probability of punishment which might come from conviction. You must coolly, considerately in your minds unswerved from duty by any kind of emotion or sentiment determine your verdict after a careful consideration of the facts as disclosed by the evidence and the application of the law thereto."

104 S. Ct. 280, 78 L. Ed. 2d 259 (1983); the comments made were so blatantly egregious that the instruction given could not ensure the defendant a fair trial. We cannot agree.

In determining whether the defendant was denied a fair trial we must examine those comments in the context of the entire trial. *State* v. *Kinsey,* 173 Conn. 344, 349, 377 A.2d 1095 (1977). A mistrial should be granted only if those comments, in light of all the facts and circumstances, are so egregious that no curative instruction could reasonably be expected to remove their prejudicial impact. *State* v. *Fullwood,* 194 Conn. 573, 585, 484 A.2d 435 (1984); *State* v. *Couture,* 194 Conn. 530, 563, 482 A.2d 300 (1984), cert. denied, 469 U.S. 1192, 105 S. Ct. 967, 83 L. Ed. 2d 971 (1985).

In determining whether prosecutorial misconduct was so serious as to amount to a denial of due process, our Supreme Court has focused on several factors. "Among them are the extent to which the misconduct was invited by defense conduct or argument . . . the severity of the misconduct . . . the frequency of the misconduct . . . the centrality of the misconduct to the critical issues in the case . . . the strength of the curative measures adopted . . . and the strength of the state's case." (Citations omitted.) *State* v. *Williams,* 204 Conn. 523, 540, 529 A.2d 653 (1987).

Although it is clear that the prosecutor's remarks were improper, if they did not deprive the defendant of the opportunity for a fair trial, then a mistrial need not be granted. *State* v. *Doehrer,* 200 Conn. 642, 653, 513 A.2d 58 (1986). It is the defendant's burden to show that he was deprived of a fair trial. Id., 654. If, in fact, the defendant was prejudiced by the remarks of the prosecutor, he has failed to demonstrate that the court's instruction did not cure that prejudice. The trial court,

therefore, did not commit error in denying defendant's motion for a mistrial.

There is no error.

In this opinion the other judges concurred.